## OTELIA BERGSTROEM v. THE STATE.

### (Case No. 3505.)

1. BREACH OF BOND — ESTATES OF DECEDENTS.— Suit was brought against the surviving widow and the sureties on her bond, given under the statute to manage the community estate, for breach of her bond, which required her " to faithfully administer such estate and pay over one-half of the surplus thereof, after payment of all debts with which the whole is properly chargeable." The alleged breach was that she had disposed of the property of the estate, and so transferred and secreted it that the judgment sued on could not be satisfied, though she had ample means in her hands to satisfy the same. *Held,*

   (1) It was necessary to a recovery that the plaintiff should have established the breach of the bond as alleged.

   (2) A charge which directed a verdict for plaintiff, if the jury should be satisfied that the defendant had received of property belonging to the community, over and above that which was exempted from forced sale, enough to equal or exceed the plaintiff's demand, was error.

   (3) The charge submitted an erroneous test of defendant's liability.

   (4) Though the defendant should have asked proper instructions to correct the error in the charge, the vice in the charge being manifest, and tending to mislead the jury, may be urged on appeal.

2. SURETY.— Under art. 1594, O. & W. Dig., when a surety in a joint undertaking dies, his estate is liable on it, as if the obligation had been joint and several.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

Suit by the state against Otelia Bergstroem as principal, and Louis Bergstroem, Paul Wagner and F. Rummel, sureties on her bond as surviving wife of Charles Bergstroem, deceased, administering, as such surviving wife, the community estate under the statute, which allows her to manage the community estate without submitting to the jurisdiction of the county court. The plaintiff had, in the year 1874, sued and obtained judgment against J. G. Ward, administrator of an escheated estate, and the sureties on his bond, of whom Charles

Bergstroem, who had died in the year 1873, was one, for the amount of $917.45.

Ward having left this state, and the other sureties being as alleged insolvent, the state of Texas instituted this suit against Otelia Bergstroem and her said sureties on her bond, on July 6, 1875, alleging that Otelia Bergstroem and her sureties were liable to pay the said judgment with legal interest thereon, setting up the breach of the bond, in substance as is stated in the opinion.    Judgment for the plaintiff in accordance with the prayer of petition.

The defendants' demurrer to plaintiff's petition was overruled. The charge of the court, in its seventh paragraph, directed the jury as follows: "If you believe, from the evidence, that the co-sureties of Bergstroem are insolvent, and that Otelia Bergstroem received, as surviving wife, more estate than the exemption specified (and among them shall be added all expenses of last sickness and funeral expenses); and if you believe, further, that said assets not ·exempt exceed in amount the claim set up in this suit with eight per cent. interest thereon, you will in that event find for the plaintiff the amount claimed."

There was evidence tending to show that whatever assets there were in the hands of Mrs. Bergstroem, which were liable to the payment of community debts, had been duly appropriated to that purpose, and that she had not been guilty of the breach of the condition of her bond as complained of in the petition.

Judgment for the plaintiff for $1,073.40, it being the amount of the judgment before that time rendered against Ward and his sureties, with eight per cent. interest to date, against Mrs. Bergstroem and the sureties upon her bond, decreeing "that execution be first levied upon the property of said Otelia Bergstroem situated and being in Bexar county, sufficient to satisfy this judgment; then execution is to be levied upon the property of her said sureties, L. Bergstroem, Paul Wagner and F. Rummel."

*Altgelt & Portis,* for appellants.

*N. O. Green* and *A. Ditmar,* for appellee.

WALKER, P. J. COM. APP.— The verdict of the jury was rendered upon an issue of fact presented by the charge of the court, which was not warranted by the pleadings and the evidence in the case. This suit was brought by the state of Texas to recover from a surviving widow and the sureties on the bond which she had executed

under the statute to manage the community estate of herself and her deceased husband, the amount of a certain judgment against her and certain other persons, upon the ground that the condition of that bond, to the effect that she would "faithfully administer said estate and pay over one-half of the surplus thereof, after payment of all debts with which the whole is properly chargeable," had been broken.

The action, therefore, was upon the alleged breach of the condition "to administer said estate faithfully." The petition as amended had alleged, in a vague and general way, this breach. The charge against Mrs. Bergstroem was "that she had disposed of the property of the estate, and so transferred and secreted it that the judgment could not be, and that it, in fact, had not been satisfied, notwithstanding the fact that she has ample means in her hands to pay the same." These, then, being the facts relied upon by the plaintiffs as constituting the breach of the conditions of the bond, and consequently the default of the surviving wife, Mrs. Bergstroem, it was of the gist of the action to establish substantially the truth of these allegations to entitle the state to recover.

The charge which the court gave to the jury authorized them to find a verdict against the defendants in case they were satisfied, from the evidence, that Mrs. Bergstroem had received of property belonging to the community, over and above that which was exempted by law from forced sale, a sufficiency to equal or exceed the plaintiff's claim, irrespective of the allegations made as to the supposed breach. The defendants' liability on the bond does not depend on the mere inquiry as to whether, first, that the debt claimed is just and due; and second, that the surviving marital partner has a sufficiency of assets of the community liable to, or subject to the payment of community debts. In order that a creditor may recover upon the bond, it is essential that the jury should be satisfied that its conditions have been broken — those conditions especially the breach of which the plaintiff complains.

The state of the evidence before the jury did not justify the court in assuming as a fact that Mrs. Bergstroem had, by her acts and doings in the management of the property, violated her duty, committed a breach of the conditions of her bond, and subjected herself and sureties to an action on it. The charge was not correct law as applicable to the case before the court; it submitted an erroneous test of the defendants' liability, and was, therefore, misleading. If the court had correctly charged the law as far as it undertook to give it, and did not mislead the jury thereby to a wrong conclusion, it is

quite true that the defendants ought, in such case, to entitle them to complain against the charge, to have asked for further instructions; but where the court submits a fallacious test of liability, the defendants are not bound, at their peril, to either discover its vice and attempt to effect its correction, by supplying the court with what may be the precise and exact law applicable to the subject.

In respect to the point urged in the brief of appellants' counsel, that the estate of Charles Bergstroem, deceased, is discharged from his obligation as a surety on the bond of J. S. Ward, as administrator, because of the death of said surety before the rendition of the judgment against Mrs. Bergstroem as surviving wife in the suit against Ward's securities, we may remark that it was decided at the Austin term, 1882, by the supreme court (opinion by Judge Delany of this commission), that when a surety in a joint undertaking dies, his estate is liable on it the same as if the obligation had been joint and several. Mays v. Cockrum, 57 Tex., 352. The opinion rested the conclusion arrived at on art. 1594, Oldham & White's Digest (omitted in Paschal's Digest, so far as we can discover).

In order to preserve effectually this waif statute, we give the same as it was originally published in the laws of the republic, viz.: "An act to enable part owners of land to obtain partition thereof, and for other purposes." Approved 5th February, 1840. "Sec. 5. Be it further enacted, That the representative of one jointly bound with another, for the payment of a debt, or for performance or forbearance of any act, or for any other thing, and dying in the life-time of the *settee*," [so printed,— meant doubtless for "latter"] "may be *changed* [charged] by virtue of such obligation, in the same manner as such representative might have been charged, if the obligors had been bound severally as well as jointly." See Laws of the Republic of Texas, 4th Congress (1840), p. 73; see Hart. Dig., art. 635. In the Revised Statutes of our state, this statute has been omitted, as occurred in Paschal's Digest. In both instances the omission was doubtless inadvertent. Legislation concerning the matter is suggested in view of the foregoing statements.

The judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved November 21, 1882.]