MARY M. MANN ET AL. v. C. H. EARNEST.

No. 539.

**Fees—Commissions of County Judge.** — Article 2384 of the Revised Statutes, allowing the county judge a commission " on the actual cash receipts of each executor, administrator, or guardian," does not entitle such judge to a commission on the cash receipts of a survivor in community who has duly qual- ified, from sales made in the management of the estate outside of the Probate. Court.

APPEAL from Mitchell.    Tried below before Hon. WILLIAM KENNEDY..

*R. H. Looney* and *Smallwood & Smith*, for appellants.—There is no pro- vision of law authorizing a county judge to collect any commission upon cash receipts of a survivor in community, and in the absence of such a law none will be allowed.    Sayles' Civ. Stats., arts. 2171, 2172, 2173, 2384;  Huffman v. Schmidt, 65 Texas, 585;  Pressler v. Wilke, 84 Texas, 345;  The State v. Moore, 57 Texas, 320.

*Earnest & Shepherd*, for appellee.—The law authorizes a commission of one-half of 1 per cent upon the actual cash receipts of each executor, administrator, or guardian upon the approval of the exhibits and the final settlement of the account of such executor, administrator, or guardian. Under this is comprehended a survivor in community, for he is after all, with certain well defined distinctions, an administrator.    The manage-- ment of community property is treated as an administration.    Sayles'

Civ. Stats., arts., 2384, 2164, 2169, 2183; Huffman v. Schmidt, 66 Texas,. 585; Leatherwood v. Arnold, 66 Texas, 416; Pressler v. Wilke, 84 Texas, 346; Tillman v. Wood, 53 Texas, 578.

STEPHENS, ASSOCIATE JUSTICE.—This cause having been submitted in the court below and in this court upon an agreed statement of facts, no conclusions of fact are believed to be necessary, there being no controverted issues of fact to be settled .

The only question involved is one of law, that is, whether a county judge is entitled to a commission upon the cash receipts of a survivor in community who has duly qualified as such, and who receives such cash as the proceeds of sales made in the management of the estate outside of the Probate Court.

While the arrangement of the Revised Statutes may seem to render appellee's claim plausible, an examination of the original acts of 1876, carried forward into the Revised Statutes, leads to the conclusion that, the Legislature did not intend that commissions should be allowed in such cases.   Acts of 1876, p. 124, sec. 116; p. 285, sec. 6; Rev. Stats., Final Title, sec. 19.   The statute does not in terms provide any such commission.   It is allowed only " upon the actual cash receipts of each executor, administrator, or guardian."   Nowhere, either in the original enactments, or in the Revised Statutes, is the survivor in community termed an administrator, but always the words "survivor in community" are used to describe and distinguish such partnership survivor or trustee from an executor, administrator, or guardian.

The case comes neither within the letter nor the spirit of the statute. There was a partition ordered upon the application of the heirs, as provided in the statute, but the commission in question was claimed upon sales previously made, without the supervision of the Probate Court.

We conclude that the judgment should be reversed and here rendered for appellants.

*Reversed and rendered.*

Delivered March 21, 1894.