### JOELLA JONES v. TAYLOR McRAE.

#### Delivered May 29, 1897.

**Venue—Status of Survivor in Community.**

    A surviving wife who has qualified as survivor in community is not an administratrix, and must be sued for a community debt in the county of her residence.

APPEAL from the County Court of Hall. Tried below before Hon. W. M. PARDUE.

*Duke & Deaver,* for appellant.

No brief for appellee reached the Reporter.

HUNTER, ASSOCIATE JUSTICE.—Joella Jones was the widow of John R. Jones, and as such filed the inventory, appraisement, and bond provided for in chapter 28, Revised Statutes of 1895, articles 2222 to 2227, in the County Court of Hall County, where she and her husband resided at the date of his death, in March, 1896. Soon after filing her bond, which was approved by the county judge, she moved to Henderson County, Texas, where she resided when this suit was brought against her in the County Court of Hall County. It is a suit to recover on open account about $300 community debt owed by her husband at the date of his death, and double the amount of some usurious interest claimed to have been paid to the husband in his lifetime.

The petition showed that she had qualified as survivor of the community in Hall County, and also that she then resided in Henderson County. Citation was issued to and served upon her in Henderson County. She demurred to the jurisdiction of the court over her person, and also filed a plea of the same character under oath, claiming her privilege to be sued in the county of her residence. Appellee claimed that she was the administratrix of the community estate of her deceased husband and herself, and that his suit was brought to establish his claim against the estate, and that

therefore the case fell within the sixth subdivision of article 1194, Revised Statutes of 1895.

The judgment went against her on the demurrer and plea, because the court held that she was an administratrix within the meaning of the sixth section of said article, and rendered judgment against her "as community administratrix of the estate of John R. Jones, deceased," for the amount of the claim sued on, $308.45, awarding execution against her.

Under the article referred to, she, being an inhabitant of the State, could not be sued outside the county of her domicile, except in certain cases provided for in this chapter and in this article. The exception relied upon by appellee to give Hall County Court jurisdiction over her person in this case was the sixth section of the article, which is as follows: "Where the suit is against an executor, administrator, or guardian, as such, to establish a money demand against the estate which he represents, in which case the suit must be brought in the county in which such estate is administered."

We do not think that a community survivor who has qualified under chapter 28 comes within the meaning of this section, and we are therefore of opinion that the court erred in not sustaining the defendant's exceptions to plaintiff's petition. Mann v. Earnest, 25 S. W. Rep., 1042; 6 Texas Civil Appeals, 606. It was not a suit against her as administratrix "to establish a money demand against the estate" merely, but a suit to recover judgment against her personally, and for which an execution might issue. Article 2227 provides, that when she has qualified, etc., she "shall have the right, without any further action of the County Court, to control, manage, and dispose of such community property, real or personal, in such manner as may seem best for the interests of the estate, and of suing and being sued with regard to the same, in the same manner as during the lifetime of the deceased." Now, if the deceased had moved from Hall County to Henderson County, the suit must have been brought against him in Henderson County, and when the wife qualified as survivor under the statute, she in law, by virtue of this statute, took the place of her husband, and must be sued in the same manner as suits could have been brought against him during his lifetime.

We therefore order that the judgment herein be reversed and the cause dismissed.

*Reversed and dismissed.*