FIRST NAT. BANK OF NEW BOSTON v. DANIEL et al.   (No. 1368.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 23, 1914. Rehearing Denied Jan. 21, 1915.)

1. LIMITATION OF ACTIONS (§ 83*)—ACTION ON NOTE—SUSPENSION—"ADMINISTRATRIX."

Vernon's Sayles' Ann. Civ. St. 1914, art. 5704, provides that, on the death of any person against whom there is a cause of action, limitations shall cease to run until 12 months after death, unless an administrator shall have qualified upon such deceased person's estate, in which case limitations shall cease to run until such qualification. Plaintiff on February 27, 1909, received from defendant's husband a note in renewal of a vendor's lien note he had assumed to pay, and after his death on December 24, 1912, defendant, as his surviving widow, filed an inventory of the community estate and a bond, as provided by articles 3595–3598, which were approved, and an order made authorizing her to manage and dispose of the community estate in accordance with Vernon's Sayles' Ann. Civ. St. 1914, arts. 3592–3614. Plaintiff's suit on the note was commenced October 15, 1913. *Held,* that defendant was not an "administratrix" within the statute so as to commence the running of the statute upon the order for management of the community estate, and that the action was not barred by the four year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 426, 431–438; Dec. Dig. § 83.*

For other definitions, see Words and Phrases, First and Second Series, Administrator.]

2. HUSBAND AND WIFE (§ 273*)—COMMUNITY ESTATE—RIGHTS AND LIABILITIES OF SURVIVOR.

The survivor can be sued and the property in his hands as such subjected to the payment of a community debt; but the separate estate of the husband, which is also liable for the payment of such a debt, cannot be reached in a suit against the surviving wife as the representative of the community estate.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

Appeal from Special District Court, Bowie County; W. T. Armstead, Judge.

Action by the First National Bank of New Boston against Mrs. Media Daniel, individually, and as the community administratrix of the community estate of herself and her deceased husband, O. J. Daniel, and against L. C. Clark. Judgment for defendants, and plaintiff appeals. Reversed, and judgment

rendered for plaintiff against Mrs. Daniel, and judgment between the other parties and Clark not disturbed.

May 13, 1904, one Templeton sold and by his deed of that date conveyed 19 acres of land in Bowie county to one Davis, in consideration, among other things, of the latter's promissory note of that date for $150, interest and attorney's fees, payable two years after its date. By recitals in both the deed and note the vendor's lien was retained on the land to secure the payment of the note. Afterwards Templeton transferred the note to appellant. December 15, 1904, Davis sold the land to O. J. Daniel, then the husband of appellee Mrs. Media Daniel, in consideration, among other things, of the assumption by said O. J. Daniel of the payment of the note made by Davis to Templeton. February 27, 1909, O. J. Daniel, as a renewal of the note he had assumed to pay, then held by appellant, executed and delivered to appellant his note for $221.20, which was the amount, principal and interest, then unpaid on said Davis note. In the note so executed by O. J. Daniel was a recital that the vendor's lien existed on the land to secure its payment, and by an instrument in writing executed by him at the time he. made the note said O. J. Daniel, as authorized by article 5695, Vernon's Sayles' Statutes, extended the lien existing on the land to secure the payment of the indebtedness evidenced by the note. At a time not shown by the record, O. J. Daniel, by an instrument purporting to be a deed, filed for record in Bowie county October 19, 1910, conveyed the land to appellee L. C. Clark. December 24, 1912, O. J. Daniel died. As his surviving widow, appellee Mrs. Media Daniel filed an inventory, etc., of the community estate, and a bond, as provided in articles 3595 to 3598, Vernon's Sayles' Statutes. The inventory, bond, etc., were approved by the county judge of Bowie county January 6, 1913, and in the order then made appellee Mrs. Media Daniel was authorized to control, manage, and dispose of said community estate in accordance with the provisions of chapter 28 of the Revised Statutes of 1897 (being chapter 29 of Vernon's Sayles' Statutes). This suit was commenced October 15, 1913, by appellant against appellee Mrs. Media Daniel "individually and as the community administratrix of the community estate of herself and her deceased husband, O. J. Daniel," and against L. C. Clark. The relief appellant sought was judgment for the debt evidenced by the renewal note, and a foreclosure of the vendor's lien asserted against the land to secure its payment. The trial court found that the instrument purporting to be a deed from O. J. Daniel to Clark was in fact intended as a mortgage to secure a debt O. J. Daniel owed to Clark. He further found that appellant had no notice of that conveyance at the time the Davis note was renewed, and the exten-

sion of the vendor's lien was made by O. J. Daniel as stated above. He further found that the debt to Clark intended to be secured by the conveyance was due September 30, 1909, and was barred by the statute of limitations, and that appellee Mrs. Media Daniel, as survivor of the community, held the land free of any claim thereon in favor of Clark. As to the indebtedness claimed by appellant on account of the renewal note made by O. J. Daniel, the court found that it amounted, principal, interest, and attorney's fees, to the sum of $424.60, and that appellant was "entitled," quoting, "to judgment against defendant Mrs. Media Daniel as survivor of the community for the sum of $424.-60, together with interest thereon from the 25th day of March, 1914, at the rate of ten per cent. per annum, also a foreclosure of its vendor's lien on the land described in its petition, for costs of suit, etc., if said indebtedness is not barred by the statute of limitations of four years." The court further found:

"That the filing of the bond and inventory and the granting of the order by the county judge authorizing the said Mrs. Media Daniel as survivor or to manage, control, and dispose of the community estate existing and owned jointly by her deceased husband and herself, is an administration, and the statute of limitations began to run against the plaintiff's claim on January 6, 1913, the date of the filing of said bond and inventory and the granting of said order authorizing said survivor to manage, control, and dispose of said community property," and "that the plaintiff's cause of action is barred by the statute of limitations, which was duly pleaded against it."

On the findings made by him, the court rendered judgment that appellant take nothing by its suit, and appellant thereupon prosecuted this appeal.

O. B. Pirkey, of New Boston, for appellant. Mahaffey, Thomas & Hughes, of Texarkana, W. B. Figures, of Atlanta, Tex., and Johnson & Boswell, of New Boston, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The statute of limitations ceased to run against appellant's cause of action on the renewal note made by O. J. Daniel February 27, 1909, when he died December 24, 1912. Unless the statute commenced to run again on January 6, 1913, when said O. J. Daniel's widow, as the survivor of the marriage, became entitled, because of her compliance with the law, to control, manage, and dispose of the community estate between her and her deceased husband, appellant's action was not barred, and on the facts found by the court below the judgment should have been for appellant instead of against it. Whether the statute again commenced to run at that time or not depends upon whether the widow, having become entitled, as stated, to "control, manage, and dispose of" the community estate, was the "administratrix" of her deceased

husband's estate or not, within the meaning of article 5704, Vernon's Sayles' Statutes. That article is as follows:

"In case of the death of any person against whom there may be a cause of action, the law of limitations shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; then and in that case the said law of limitation shall only cease to run until such qualification."

The parties have not referred to, and we have not found, a case in which the exact question presented has been directly determined. As supporting its contention that the widow was not such an administratrix, appellant cites Huppman v. Schmidt, 65 Tex. 585; Mann v. Earnest, 6 Tex. Civ. App. 606, 25 S. W. 1042; and Jones v. McRae, 16 Tex. Civ. App. 308, 41 S. W. 403.

In the Huppman Case, the question was as to the jurisdiction of the district court to hear and determine a suit brought by the children of a deceased wife and the administrator of her first husband against her second husband and the sureties on his bond as survivor, to partition such of the community property of the last marriage as was partible in kind and for a money judgment for their part of such of same as was not so partible. It was contended that under the Constitution and laws then controlling the county court alone had jurisdiction of such a suit. In overruling the contention, the Supreme Court said the survivor of a marriage, who had so complied with the law as to be entitled to control, manage, and dispose of the community estate, was "a trustee—not an administrator. His manipulation of the trust is not an administration pending in any court. * * * No probate decree is the source of his authority, and the exercise of his discretion is under no judicial warrant or control, as in cases of ordinary administration."

In the Mann Case, the question was as to whether a county judge, under a statute allowing him a commission of one-half of one per cent. "upon the actual cash receipts of each executor, administrator, or guardian," upon the approval of his exhibits and the final settlement of his accounts, was "entitled to a commission upon the cash receipts of a survivor in community who has duly qualified as such, and who receives such cash as the proceeds of sales made in the management of the estate outside of the probate court." It appeared that a partition had been ordered on the application of the heirs as provided by the statute, but the commission in question was claimed upon sales previously made, without supervision of the probate court. The Court of Civil Appeals, in holding that the county judge was not entitled to the commission claimed, said:

"Nowhere, either in the original enactment or in the Revised Statutes, is the survivor in community termed an 'administrator,' but always the words 'survivor in community' are used to describe and distinguish such partnership survivor or trustee from an executor, administrator, or guardian. The case comes neither within the letter nor the spirit of the statute."

In the Jones Case, it appeared that the surviving widow by filing an inventory, bond, etc., in Hall county, where her husband died, had become entitled to control, manage, and dispose of the community estate. After she had removed to and become a resident of Henderson county, the suit was brought against her in the county court of Hall county. The plaintiff sought a recovery against her as the survivor of the marriage on a community debt. The petition reciting her residence to be then in Henderson county, the widow demurred to it on the ground that it appeared therefrom that the county court of Hall county did not have jurisdiction of her person, and she also filed a plea claiming a privilege to be sued in Henderson county, where she resided. The trial court sustained the plaintiff's contention that the venue of the suit was in Hall county under the sixth subdivision of article 1194, Revised Statutes 1895, as follows:

"Where the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, in which case the suit must be brought in the county in which such estate is administered."

In reversing the judgment the Court of Civil Appeals said:

"We do not think that a community survivor who has qualified under chapter 28 comes within the meaning of this section, and we are therefore of opinion that the court erred in not sustaining the defendant's exceptions to plaintiff's petition"—citing Mann v. Earnest, 6 Tex. Civ. App. 606, 25 S. W. 1042.

From the report of the Huppman Case it appears that the ruling made would not have been different had the court been of opinion that the qualified survivor was an "administrator" within the meaning of the law; and it is not entirely clear that the ruling would not have been as it was in the Mann Case had the court thought the survivor was such an "administrator." Perhaps these cases, therefore, may be said to be of value here only in that they show that the courts deciding them did not regard the qualified survivor of a marriage as an "administrator" within the meaning of the word as used in the statutes.

But the ruling made in the Jones Case turned upon the question as to whether the survivor there was an "administrator" or not within the meaning of the venue statute, and it was decided as it was because the court determined the widow was not such an "administrator." That case therefore should be regarded as in point here; for, so far as we can see, there is no reason why the survivor should be held not to be an "administrator" within the meaning of the venue statute and to be an "administrator" within the meaning of the statute of limitations. The facts pointed out in appellee's brief, that

the subject of ·chapter 29 is stated in the statutes to be the "administration of community property," and that the survivor is directed to return an inventory, etc., "in like manner as other administrations," that a new bond might be required of the· survivor for the same causes "and in like manner as provided in other administrations," etc., furnish no better reason for saying ·the survivor is an "administrator" within the meaning of the statute of limitations than · they did for saying he was an "administrator" within the meaning of the venue statute.

But it is insisted that the purpose of the Legislature in enacting article 5704 was:

"To suspend," quoting from the brief, "limitation only for such period of time as would be reasonably necessary to have appointed some representative of the estate of the deceased against whom suit, in the event it became necessary, could be brought, and that any representative of the estate against whom a suit can be brought furnishes the full measure of the purpose of this section of the statute."

[2] Admitting that the proposition as stated is correct, it does not follow that the ruling made by the court below is right; for the survivor of a marriage who qualifies as such is not the representative of the deceased spouse's estate, but is the representative of only the part thereof held by such deceased spouse in common with the survivor. It is true the survivor can be sued and the property in his hands as such subjected to the payment of a community debt, but the separate estate of the husband, which also is liable for the payment of such a debt (Moody v. Smoot, 78 Tex. 119, 14 S. W. 285), cannot be reached in a suit against the surviving wife as the representative of the community estate (Brackett v. Devine, 25 Tex. Supp. 194; Wheeler v. Selvidge, 30 Tex. 407; Tucker v. Brackett, 28 Tex. 338; Carter v. Conner, 60 Tex. 52; Hollingsworth v. Davis, 62 Tex. 438). Before the qualification of an administrator, the separate estate of the deceased husband is without a representative, notwithstanding the surviving wife has qualified as such under the statute. The language of the statute (article 5704) is not that, in case of the death of a person against whom a cause of action exists, limitation shall cease to run for 12 months unless an administrator for a part of his estate shall have sooner qualified, but it is that it shall cease to run for that period unless an administrator shall have sooner qualified for his estate—meaning, unquestionably, his entire estate subject to administration and to the payment of the claim forming the basis of a cause of action.

We are of opinion appellant's suit was not barred by the statute of limitations invoked, and that appellant should have had judgment for the amount found by the trial court to be due to it, and a foreclosure of the lien asserted against the land described in its petition. Therefore the judgment,

in so far as it denied appellant such relief, will be reversed, and judgment will be here rendered that appellant do have and recover of appellee Mrs. Media Daniel as the survivor of the marriage between herself and O. J. Daniel, deceased, the sum of $424.60 and interest thereon at the rate of 10 per cent. per annum from March 26, 1914, together with the costs of this court and the court below, and that the lien asserted by appellant be foreclosed on the land described in the petition, and that same be sold as provided by law in such cases. In so far as it otherwise adjudicates matters between the other parties and appellee L. C. Clark, the judgment will not be disturbed.