1. APPEAL AND ERROR ⬤⟶544(3)—RECORD—BILL OF EXCEPTIONS—PLEA OF PRIVILEGE.

If judgment showing action of court in overruling plea of privilege is in the record, formal bill of exceptions is unnecessary.

2. APPEAL AND ERROR ⬤⟶501(1), 520(3)—REVIEW—SUFFICIENCY OF RECORD—VENUE.

Where the record does not contain an order of the court on the plea of special privilege and does not show any exception to the court's action in overruling it, the question cannot be reviewed.

3. EXCEPTIONS, BILL OF ⬤⟶38—TIME—TERM OF COURT.

A ruling which would have been reviewable under proper bill of exceptions filed to the term at which it was made is clearly not reviewable under a bill of exceptions filed to a succeeding term.

4. APPEAL AND ERROR ⬤⟶274(7)—REVIEW—TRIAL—OBJECTIONS—SUFFICIENCY.

The judgment of the court entered on a verdict of the jury in no wise reflected its action at the previous term on the plea of special privilege, and excepting to that judgment did not amount to an exception to its ruling on the plea.

On motion for rehearing of refusal of application for writ of error.  Denied.

For opinion of Court of Civil Appeals, see 202 S. W. 519.

Andrews, Streetman, Burns & Logue, of Houston, for plaintiff in error.

Presley K. Ewing and L. E. Blankenbecker, both of Houston (Ewing Werlein, of Houston, of counsel), for defendant in error.

PHILLIPS, C. J.   [1-3] Had there been preserved in the record the order or judgment of the trial court showing its action in overruling the defendant's plea of privilege and that exception was taken thereto, the defendant, on its appeal, would have been entitled to have considered its assignments of error challenging the court's action in that regard without further exception or addressing a motion for new trial to the ruling. With a judgment, taken from the minutes of the court, revealing the court's action, it would have sufficiently appeared of record, rendering a formal bill of exception useless and unnecessary. The hearing on the plea having been before the court and the court having acted, there was no need to again bring the matter to the court's attention by a motion for new trial. The record here, however, does not contain the order of the court on the plea, nor does it show any proper exception to the court's action in overruling

it.  Attempt was made to preserve a record of the court's action by means of a bill of exception filed to the succeeding term of the court at which the trial on the merits was had.  The ruling would have been reviewable under a proper bill of exception filed to the term at which it was made, but it was clearly not reviewable under a bill of exception filed to a succeeding term.

[4] The judgment of the court entered on the verdict of the jury in nowise reflected its action at the previous term on the plea of privilege, and excepting to that judgment did not, therefore, amount to an exception to its ruling on the plea.  It was for these reasons that we sustained the action of the Court of Civil Appeals in its declining to consider the assignments of error touching the plea of privilege through our refusal of the writ of error.

---

## CLARK v. FIRST NAT. BANK OF NEW BOSTON.  (No. 63–2803.)

(Commission of Appeals of Texas, Section B. April 2, 1919.)

1. HUSBAND AND WIFE ⬤⟶276(1) — COMMUNITY ADMINISTRATRIX—POWERS.

A surviving wife, as community administratrix under the provisions of Rev. St. 1911, art. 3592 et seq., has no control or power to dispose of the separate property of her deceased spouse.

2. HUSBAND AND WIFE ⬤⟶276(3) — COMMUNITY PROPERTY—COMMUNITY DEBTS.

Community property is the primary fund for the payment of community debts, and, where there exists sufficient community property to pay community debts, no resort can be had to the separate property of a deceased husband for the purpose of paying such debts.

3. HUSBAND AND WIFE ⬤⟶276(1)—COMMUNITY ADMINISTRATRIX.

Where a decedent owned no property, except community property, the appointment and qualification of the surviving spouse as community administrator, under the provisions of Rev. St. 1911, art. 3592 et seq., precludes any other administration.

4. LIMITATION OF ACTIONS ⬤⟶83(2)—"ADMINISTRATION"—COMMUNITY ESTATE.

The qualification of a surviving wife as community administratrix, under the provisions of Rev. St. 1911, art. 3592 et seq., is an "administration," within the meaning of article 5704, which will put such statute of limitation in motion after its suspension by reason of the death of the husband, at least as far as actions to subject community property to community debts are concerned.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Administration.]

5. LIMITATION OF ACTIONS ☞80—CAUSES OF ACTION IN FAVOR OF DECEASED PERSON.

Under Rev. St. 1911, art. 5703, limitation would be suspended as to a debt owing to a community only until such time as surviving spouse qualified as community administrator under the provisions of article 3592 et seq.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by the First National Bank of New Boston against L. C. Clark and another. There was a judgment of the Court of Civil Appeals (172 S. W. 747), reversing a judgment in favor of defendants, and the named defendant brings error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

J. Q. Mahaffey, of Texarkana, for plaintiff in error.

O. B. Pirkey, of New Boston, for defendant in error.

MONTGOMERY, P. J. The facts are fully stated in the opinion of the Court of Civil Appeals. 172 S. W. 747.

O. J. Daniel and Media Daniel were husband and wife, and on February 27, 1909, O. J. Daniel executed the note sued on in renewal of a vendor's lien note which he had previously assumed. He at the same time made an agreement renewing the vendor's lien. The note was payable on demand, and therefore in the ordinary course of things would have become barred by limitation on February 28, 1913. O. J. Daniel died on December 24, 1912, and left his wife surviving him. On January 6, 1913, the wife, Media Daniel fully complied with the provisions of chapter 28, title 39, arts. 2219 to 2238, of the Revised Statutes of 1897, and was by proper order of the county court authorized to control, manage, and dispose of the community property in accordance with the provisions of said chapter. No question was made as to the regularity of the proceedings. This suit was filed on October 15, 1913, against Media Daniel, individually and as community executrix, to recover on the note above referred to. L. C. Clark, a mortgagee under Daniel, was also made a party defendant.

The defendants interposed a plea setting up the four-year statute of limitation. The trial court sustained the defendants' plea of limitation and rendered judgment for the defendants. The plaintiff appealed, and the Court of Civil Appeals reversed the judgment of the trial court, and rendered judgment for the bank for its debt, with foreclosure of the lien. The writ of error in this case was granted upon application of L. C. Clark.

Opinion.

The law now known as chapter 29 of title 52 of the Revised Statutes of 1911 is identical with chapter 28 of title 39 of the Revised Statutes of 1897, and for convenience we will refer in this opinion to Revised Statutes of 1911.

Article 5704 of the Revised Statutes reads:

"In case of the death of any person against whom there may be a cause of action, the law of limitation shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; then and in that case the said law of limitation shall only cease to run until such qualification."

The Court of Civil Appeals held that the statute of limitation was suspended for one year from the death of O. J. Daniel, and that the qualification of the wife, Media Daniel, as survivor, under the provisions of chapter 29, title 52, of the Revised Statutes, did not again start the statute of limitations to running, and that therefore the cause of action was not barred when the suit was instituted.

The plaintiff in error, Clark, assigns this ruling as error, and contends that, the debt being a community debt, the running of the statute was only interrupted from December 24, 1912, the date of Daniel's death, until the 6th day of January, 1913, the date of Mrs. Daniel's qualification as administratrix of the community estate and that therefore the cause of action was barred before the suit was filed.

Stating the matter abstractly, the question is: Is the qualification of a surviving wife as community administratrix under the provisions of article 3592 et seq. of the Revised Statutes of 1911 such an administration as is contemplated by article 5704 of the Revised Statutes; that is, such administration as will put the statute of limitation in motion after its suspension by reason of the death of the debtor?

The question is not free from difficulty, and we have no precedent to guide us to its correct solution. In this case the plaintiff alleges that the debt is a community debt, and Mrs. Daniel was sued individually and as community executrix. The plaintiff, however, alleges no facts which would authorize any judgment against her, except in her representative capacity. Under the petition no judgment could be rendered which would affect the separate estate of O. J. Daniel, or the separate property of Mrs. Media Daniel, if any such existed.

In this state of the record it is not necessary to decide whether the qualification of the surviving wife as community administratrix would be sufficient to set the statute of limitation in motion, so as to bar a suit

brought to subject the separate estate of the husband to the payment of the debt.

[1, 2] Chapter 29 of the Revised Statutes of 1911 contains all the provisions of our law regulating the administration of the community property by the surviving husband or wife. Under an administration by virtue of this chapter the survivor has no control or power to dispose of the separate property of the deceased spouse. Under our law the community property is the primary fund for the payment of community debts, and we think that, where there exists sufficient community property to pay the community debts, no resort can be had to the separate property of the deceased husband for the purpose of paying such debts, though such property is, of course, liable if the community property should prove to be insufficient. We do not think it necessary to set out here the provisions of chapter 29 above referred to, but will say that said chapter recognizes the fact in various ways that the proceeding there provided for is an administration of the community estate for the purpose of paying community debts and the distribution of the remainder among the heirs entitled thereto. This chapter, among other things, provides that the community property, with certain exceptions, shall be liable for debts contracted during the marriage, and that in settlement of said community estate it shall be the duty of the survivor or administrator to keep a separate account of all community debts allowed or paid in the settlement of such estate; that where the husband or wife dies intestate, leaving no child or children or no separate property, the community property passes to the survivor charged with the debts of the community, and no administration shall be necessary. The method of procedure is fully set out in the chapter, and provision is made for filing a complete inventory and appraisement of the estate and for the execution of bond by the survivor. The chapter defines the powers, duties, and obligation of the administrator, and contains provisions for the protection of the rights of creditors.

Article 3612 provides that, "after the lapse of twelve months from the filing of the bond by the survivor, the persons entitled to the deceased's share of such community estate, or any portion thereof, shall be entitled to demand and have a partition and distribution thereof in the same manner as in other administrations," and it has been held that the county court may upon proper application make partition and distribution as authorized by said statute.

[3] We cannot escape the conclusion that this chapter provides for the administration of the community estate. Administration, in the sense used in the limitation statutes, means the management and disposal under legal authority of the estate of an intestate or testator. The provisions of chapter 29 clear-ly bring the proceeding there provided for within this definition. The proceeding is constantly referred to in the statute as an administration. It is true that it may or may not be an administration on all the property of the deceased; but this law clearly provides for the administration of all community property except that portion thereof which may be exempt. It is evident, we think, that where the decedent owns no property, except community property, the appointment and qualification of the survivor would preclude any other administration.

[4] We do not think that, because the administration provided for does not authorize the administration on the separate property of the deceased spouse, it can therefore be said that it is not an administration on his estate, or in the language of article 5704, that an administrator has not "qualified upon such deceased person's estate." If there is no property except community, then the administration is for the whole estate, and comes literally within the language of the statute.

The words used in article 5704 should, we think, be construed to mean that when an administrator has qualified, who can be sued upon the claim asserted, and who has authority to apply the property of the decedent primarily liable for such claim to its payment, there is such an administration as sets the statute of limitation in motion.

[5] Article 5703 of the Revised Statutes provides that as to a cause of action in favor of a deceased person "the law of limitation shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; then, and in that case, the said law of limitation shall only cease to run until such qualification." We have no doubt that it would be a proper construction of this act to hold that as to a community debt limitation would be suspended only until such time as the survivor had qualified under the statute.

The construction we have given these statutes is that which it seems to us is in harmony with the meaning conveyed to the ordinary mind by the words used. The words "administration" and "administrator" are constantly used in the statutes and decisions in this state to describe that proceeding by which the survivor is authorized and empowered to manage and dispose of the community estate, and we think that in construing article 5704 the word "administrator," used as it is without qualification, should be construed to include every form of control over the estate of deceased persons authorized by law under which the property of the deceased may under authority of the court be applied to the payment of debts. We find nothing in the statute to limit the meaning to any particular class of administration.

It is true that there are statements in numerous decisions in this state to the effect that survivors who have qualified under the statute are trustees, and it is even said they are not administrators (Huppman v. Schmidt, 65 Tex. 585); but in an equal or greater number of cases they are referred to as administrators. With respect to their duties and obligations to the heirs and creditors they occupy the attitude of trustees. But in a very important sense every administrator and executor is a trustee, and they may very properly be described as such. We have found no decision which undertakes to define the word "administrator" as used in the limitation statute.

If the case of Jones v. McRae, 16 Tex. Civ. App. 308, 41 S. W. 403, was properly decided, upon which we express no opinion, it is not necessarily in conflict with our conclusion. In that case a question of venue was involved, and the court seems to rest the conclusion reached, in part at least, upon the provision of article 2227 of the Revised Statutes of 1807 (now article 3600, Revised Statutes 1911), which article provides that after qualification the survivor shall have the right of suing and being sued with regard to the community estate "in the same manner as during the lifetime of the deceased." The court seems to have held that this article controlled the venue of a suit against the survivor, and that the exception in the venue statute fixing the venue of suits against executors and administrators did not apply. Whether the case was properly decided or not, we do not think it should control in this case.

The case of Mann v. Earnest, 6 Tex. Civ. App. 606, 25 S. W. 1042, decided by the Court of Civil Appeals of the Second District, we think was properly decided, but do not think this decision is in conflict with the view we have expressed. Upon the whole case we have concluded that the honorable Court of Civil Appeals erred in reversing the judgment of the trial court. We therefore advise that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.

PHILLIPS. C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.