HURST v. CRAWFORD et al.     (No. 6298.)

(Court of Civil Appeals of Texas.     San Antonio.     Nov. 26, 1919.)

1. JUDGMENT ⟢18(2)—PLEADING OF CONCLUSIONS OF LAW WILL NOT SUSTAIN.

A judgment cannot be based on a pleaded conclusion of law not warranted by the facts pleaded.

2. HUSBAND AND WIFE ⟢273(4), 276(6)—COMMUNITY PROPERTY; SURVIVOR AND BONDSMEN NOT LIABLE IN ABSENCE OF DEVASTAVIT.

It is not true that any creditor having a claim against a community estate is entitled to recover his debt from the survivor and her bondsmen, if it does not exceed the amount of the bond, regardless of whether there has been a devastavit.

3. APPEAL AND ERROR ⟢1172(1)—EFFECT OF PREMATURE HEARING ON PLEA OF PRIVILEGE.

That plaintiff permitted court to prematurely try issue on a plea of privilege filed under Rev. St. 1911, art. 1903, as amended by Acts 1917, c. 176, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), and thus waived his controverting affidavit, would not require the court on appeal to render judgment sustaining the plea, where the judgment must be reversed for other reasons.

4. HUSBAND AND WIFE ⟢276(9)—VENUE OF SUIT AGAINST SURVIVOR IN COMMUNITY.

A survivor in community is not included within the provision of Rev. St. 1911, art. 1830, subd. 6, providing that suits against executors, etc., be brought in the county where the estate is being administered.

5. VENUE ⟢5(2)—FORECLOSURE OF VENDOR'S LIEN IN COUNTY WHERE LAND IS SITUATED.

In view of Rev. St. 1911, art. 1830, subds. 5 and 12, venue of an action to foreclose a vendor's lien may be laid in the county where the land is situated.

Appeal from District Court, Frio County; Covey C. Thomas, Judge.

Suit by W. L. Crawford against Mrs. T. M. Hurst and others. Judgment for plaintiff, and the named defendant brings error. Reversed and remanded.

Thos. H. Ward, of Pearsall, for plaintiff in error.

J. D. Dodson, of San Antonio, for defendants in error.

MOURSUND, J. W. L. Crawford sued Mrs. T. M. Hurst, J. L. Westfall, and M. B. Duncan, alleging: That H. Hurst, the husband of Mrs. T. M. Hurst, had as part of the consideration for the conveyance to him by A. J. and Veda Spruill of 200 acres of land in Frio county assumed the payment of a note for $2,300 to Wm. Boon and I. H. Clemons theretofore executed by said Spruills in part payment for, and secured by a deed of trust on, a tract of 413 acres, out of which said 200 acres was taken, and also executed to said Spruill four notes, one for $500 and three for $696 each; that a vendor's lien was expressly retained in said deed to Hurst to secure the payment of said notes; that plaintiff is the owner and holder of said notes; that H. Hurst died, and his wife qualified as survivor of the community estate of herself and her husband, gave bond in terms required by law, signed by her as principal and by defendants Westfall and Duncan as sureties, and took possession of such community estate. It was further alleged that by reason of these facts "each of said defendants have become and are liable to plaintiff to the value of said community estate so taken possession of in payment of said obligations of the said H. Hurst, which said obligations plaintiff alleges to be community debts of the said H. & T. M. Hurst." Nonpayment was alleged, and the facts showing right to recover attorney's fees. The prayer was that plaintiff have judgment against Mrs. Hurst, as community survivor, for his debt evidenced by said notes, and for foreclosure of liens, and against defendants Westfall and Duncan for any deficiency existing by reason of said judgment after said sales, to the amount of the value of the community estate delivered the defendant T. M. Hurst, as survivor in community, and for general relief.

Mrs. Hurst filed a plea of privilege, which was continued without prejudice, and at the following term on February 3, 1919, a controverting affidavit was filed. On February 4, 1919, the suit was dismissed as to Westfall, the plea of privilege overruled, and judgment entered in favor of plaintiff.

The case has been brought to this court by Mrs. Hurst and Duncan by writ of error. The record contains no findings of fact or statement of facts. The judgment contains a finding by the court that Mrs. Hurst and Duncan are liable to plaintiff for the amount due on all of said notes to the extent of the value of the estate of H. Hurst, deceased, at the time of the execution and filing of the bond given by Mrs. Hurst as community administratrix, and that said liability existed

by reason of the fact that H. Hurst was personally and primarily liable to the plaintiff for the full amount of principal, interest, and attorney's fees on all of said notes. Upon this finding is based the judgment, which is against "the defendants" for $3,277.90 and for foreclosure of the vendor's lien against Mrs. Hurst, as community survivor of the estate of H. Hurst, deceased, upon the 200 acres described in the petition, and against "the defendants" for $2,884.68 and foreclosure of a deed of trust lien against Mrs. Hurst, as community survivor of the estate of H. Hurst, deceased, upon the 413 acres described in the petition. The judgment, after providing for the issuance of an order of sale and directing the application of the proceeds of the sale, provides further that, if the land shall not sell for enough to pay off and satisfy the judgment, the officer shall "make the balance due against the defendants not to exceed the amount of the bond by them executed and filed in behalf of the defendant Mrs. T. M. Hurst, as survivor in community of the estate of H. Hurst, deceased, in the probate court of Stonewall county, Tex., as under execution."

[1, 2] This judgment can be construed in no other light than one which awarded a personal judgment against Mrs. Hurst and Duncan, and provides for the satisfaction thereof, by stipulating that certain community land be first applied to its payment, and then that execution may issue to collect from them the balance of the judgment with the limitation that there cannot be collected more than the amount of the bond given as community survivor. Such a judgment is not warranted by the finding of the court upon which it purports to be based nor by the pleadings. No facts are alleged which would authorize a personal judgment against Mrs. Hurst or a recovery on the bond. A conclusion of law is pleaded to the effect that defendants have become and are liable to plaintiff to the value of the community estate so taken possession of by Mrs. Hurst; but such conclusion is not warranted by the facts pleaded, upon which it is based, and cannot be the basis for a judgment enforcing personal liability. It appears to have been assumed that any creditor having a claim against the community estate is entitled to recover his debt from the survivor and her bondsmen, provided it does not exceed the amount of the bond, regardless of whether there has been a devastavit. That is not the law. Bergstroem v. State, 58 Tex. 92; Leatherwood v. Arnold, 66 Tex. 414, 1 S. W. 173; Belt v. Cetti, 100 Tex. 92, 93 S. W. 1000.

[3-5] It is contended that the court passed on the plea of privilege without complying with the provisions of article 1903, as amended in 1917 (chapter 176, § 1 [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), with respect to setting a time for hearing and serving notice on plaintiff of the filing of the controverting affidavit, and that therefore the court erred in overruling such plea. In fact, defendant even contends that the plaintiff by permitting the court to try the issue prematurely waived his controverting affidavit, and therefore the plea should have been sustained. We see no merit in the latter contention. If the issue was tried prematurely, the error of the court would justify the reversal of the judgment, but not the rendition of a judgment sustaining the plea, as the judgment must be reversed for other reasons. We deem it unnecessary to go into this matter further than to say that we are unable to see any ground upon which the plea of privilege might be sustained. It appears that a survivor in community is not included within the provisions of subdivision 6 of article 1830. Jones v. McRae, 16 Tex. Civ. App. 308, 41 S. W. 403; Bank v. Daniel, 172 S. W. 747. The rule applied in the cases of Dickson v. Scharff, 142 S. W. 980, and McKay v. Bank, 16 Tex. Civ. App. 632, 42 S. W. 868, would therefore not apply in this case. The petition alleges facts showing that the venue may be laid in Frio county under sections 5 and 12 of article 1830.

It may safely be assumed that no mistake was made with respect to the location of the land upon which foreclosure of liens was sought. We therefore see no prospect of Mrs. Hurst being able to sustain her plea by proof.

The judgment is reversed, and the cause remanded.