## KONRAD TIEMANN v. W. S. ROBSON ET AL.

1. COMMUNITY PROPERTY—DESCENT AND DISTRIBUTION.—The community interest of the wife in land vests on her death in her children, and if the surviving husband afterwards marries and dies, leaving a second wife surviving him, such interest is not subject to sale as a part of his estate for the purpose of raising an allowance for his widow and minor children, including those of the second marriage.

2. SAME.—The purchaser at a sale ordered for such a purpose, acquires no title to the community interest in the land sold, which was inherited by the children of the first wife.

3. SAME—ESTOPPEL.—Minor heirs of the first wife, who had received a portion of the allowance made for the benefit of themselves and the second wife, which was paid out of the proceeds of the sale of their community interest in land inherited from their mother, would not be thereby estopped from recovering such land, it being shown that there were assets of the estate properly applicable to the payment of the allowance.

ERROR from Fayette. Tried below before the Hon. I. B. McFarlane.

Suit by W. S. Robson and others, as heirs of Ann K. Robson, against Konrad Tiemann, on the 7th October, 1875, to recover one-half of one hundred and fifty acres of land, title to the other half being admitted to vest in Tiemann.

They made substantially the following allegations, viz.:

1. That the tract of land was community property of their parents, John R. Robson and Ann K. Robson.

2. That their mother, Ann K. Robson, died on the 15th day of October, 1860, and their father died about the 12th day of September, 1867; that administration was had on his estate, and the land in controversy sold, to pay the debts of his estate, to Konrad Tiemann, the defendant below.

3. That at the time of their mother's death no debts were existing properly chargeable against the community property, and that the debts to pay which the land was sold were of a subsequent date, and had accrued during a second marriage of their father.

4. That they have never received any portion of the community estate; that this land is the remainder thereof, and that they are entitled to one-half of the same.

Tiemann presented the following issues by his original and amended answers, viz.:

1. A general denial and plea of not guilty.

2. That an administration was had on the estate of John R. Robson, and that the following debts were established as just claims against the same, viz.: Three notes in favor of F. W. Chandler; a note for $915.71 in favor of T. J. Hanson; two notes in favor of Junius Smith, amounting in the aggregate to $5,455.51. That these notes, though dated subsequently, were made for debts that had accrued prior to the death of the intestate's first wife, Ann K. Robson, and that they were chargeable against their community estate.

3. That the land in controversy had been sold at administrator's sale, by virtue of an order of the Probate Court, for the special purpose of raising an annual allowance for the widow and minor children of John R. Robson, and that the defendants in error, plaintiffs below, had actually received the proceeds thereof.

4. That the Probate Court ordering and confirming the sale had jurisdiction; that the defendant below, by his purchase, acquired a valid, legal, and equitable title to the land, and a plea of the judgment of the Probate Court in bar of the suit.

5. That the defendant below was a purchaser in good faith, for valuable consideration, and without notice of this adverse claim.

Trial was had on the 4th of April, 1876; verdict for the plaintiff below, and judgment accordingly.

The evidence established the fact that the land was the community property of John R. and Ann K. Robson, and owned by them at the time of her death, on the 15th of October, 1860; that the plaintiffs were the sole heirs of Ann K. Robson; that the land was sold to Tiemann by the administrator of J. R. Robson's estate to raise money to pay part of the annual allow-

ance for the widow (who was a second wife of deceased) and the minor children.

Ledbetter, the administrator of Robson's estate, testified that he paid to one of the plaintiffs, L. J. Stapp, no part of the money arising from the sale of the tract of land; that he paid $40 of the money received from Tiemann to each of the other plaintiffs, but on cross-examination stated that he might have paid it before Tiemann bought the land; that he had collected of the assets of the estate and paid to the general creditors, before the sale to Tiemann, about $2,300.

*Teichmuller, Dunn & Meerscheidt*, for plaintiff in error.

I. The wife's interest in the community property is of a purely equitable character, and her right to it, or that of her heirs, is subordinate to that of her surviving husband, or his executor or administrator.

The foregoing proposition involves the following minor propositions, viz.:

1. The heirs of the deceased wife are entitled only to the residue of their mother's interest in the community property, after payment of all debts with which such community property is chargeable.

2. If the husband fails during his life-time, his wife having previously died, to pay all their community debts, then their community property belongs to the estate of the deceased husband, and properly comes under the jurisdiction of the Probate Court in the administration of the estate.

3. The burden is upon the heirs of the deceased wife, seeking to recover from a purchaser of their father, or his administrator, their mother's community interest, to prove—

1. The character of their mother's community interest—whether her title is a legal or equitable one.

2. That they are the heirs.

3. That at the time of sale no community debts existed with which said estate was chargeable.

4. That they have not otherwise received from their father's

estate an equivalent for the interest they sue to recover. (Jones' Administrator *v.* Jones, 15 Tex., 143; Bartlett's Heirs *v.* Cocke, 15 Tex., 471; Primm *v.* Barton, 18 Tex., 222; Maxwell *v.* Morgan, 20 Tex., 202; Mitchell *v.* Marr, 26 Tex., 329; Burleson *v.* Burleson, 28 Tex., 418.)

II. If the Probate Court has jurisdiction of a tract of land, as part of an estate, its judgment decreeing and confirming the sale thereof for any of the purposes for which such court is authorized to order the sale of land, protects the purchaser. (Lynch *v.* Baxter, 4 Tex., 431; Burdett *v.* Silsbee, 15 Tex., 604; Alexander *v.* Maverick, 18 Tex., 178; George *v.* Watson, 19 Tex., 354; Withers *v.* Patterson, 27 Tex., 501; McCreery *v.* Fortson, 35 Tex., 647.)

III. The plaintiffs below have received the proceeds of the sale of the tract of land they sue to recover, and these payments to them constitute a counter equity, *pro tanto*, against their equitable title; or if they assert a legal title, they must refund the sums received before they can recover. (Jones' Administrator *v.* Jones, 15 Tex., 143; Bartlett's Heirs *v.* Cocke, 15 Tex., 471; Monroe *v.* Leigh, 15 Tex., 519.)

*Timmons & Brown*, for defendants in error.

I. The interest of the heirs of the deceased wife in the land sued for, is a legal and not an equitable one; and to entitle them to recover it, they have only to prove that it was community property owned by their father and mother at the time of the death of the mother, and that they are the heirs of the mother. (Johnson *v.* Harrison, 48 Tex., 257; Yancy *v.* Batte, 48 Tex., 46; Thompson *v.* Cragg, 24 Tex., 582.)

II. The decree of the Probate Court made in the matter of the administration of the estate of J. R. Robson, could not affect the interest of plaintiffs.

It is not shown that any debts existed against the community, nor is any fact shown that would give the court authority to sell the community interest of the mother of plaintiffs in the tract of land sued for.

1st. If there were community debts existing at Mrs. Robson's death, then her surviving husband might, if he had seen fit to do so, have sold the land in controversy to raise money to pay them.

2d. This power was in the surviving husband alone, and did not pass to his personal representative upon his death.

3d. A creditor of the community could only subject the interest of the deceased wife to the payment of his debt after the death of both husband and wife, by or through an administration upon both estates, and not by an administration upon the estate of the husband alone.

4th. The purchaser at a sale made by virtue of proceedings had in the estate of the husband alone, would buy subject to the rule *caveat emptor*, and would take only the interest of the deceased husband.

5th. The community interest of the wife in this case could not be sold to raise money to pay an allowance to the second wife and minor children of the husband. Only the property of the husband could be sold for this purpose.

Gould, Associate Justice.—The community interest of the first wife of John R. Robson in the land in controversy vested, on her death, in her children, and their father having died after a second marriage, that community interest was not subject to sale as a part of his estate for the purpose of raising an allowance for his widow and minor children, including a child of the second marriage.

The purchaser at a sale ordered for that purpose acquired no title to the community interest in the land sold, inherited by the children of the first wife.

The defense of equitable estoppel was not made out. Some of the plaintiffs were minors entitled to and receiving a share of the allowance for the benefit of the widow and minor children. That allowance had been made, and the greater part paid, before the sale of this land, and there were assets of the estate properly applicable to the payment of the balance. If

the administrator paid the balance of their share out of the proceeds of the sale ordered by the court, this would not estop the minors from recovering their land.

AFFIRMED.

[Opinion delivered January 23, 1880.]

[Chief Justice MOORE dissented.]