## J. V. LEATHERWOOD ET AL. v. A. M. ARNOLD ET AL.

### (Case No. 5566)

1. COMMUNITY ESTATE—SURVIVOR—The wife, as survivor administering the community estate under the statute, is entitled to the allowances and exemptions accorded her in a regular administration. Without qualifying under the statute the survivor may pay community debts with his own means and reimburse himself by an appropriation of community property; and his action in that respect will be legalized upon his qualification under the statute. (Authorities cited.)

2. SAME—CREDITORS—DISTRIBUTEES—The creditor may reach the bond of the survivor by a proceeding under the statute, or enforce his right by judgment and execution. The remedy prescribed for distributees is cumulative; and they are entitled to investigate the trust and to have partition. (Authorities cited.)

3. TRUST—SURVIVORSHIP—DUTIES—The survivor is a trustee; but differs from other trustees in that the object to be accomplished by him is prescribed by law, while the means of attaining it are not specified. By his own right the survivor owns half the trust estate; and when qualified under the statute he succeeds to the position of the managing partner in reference to the whole estate.

4. SAME—Inquiry into the details of his administration is inconsistent with the power and discretion allowed the survivor. Unlike other trustees, he cannot be required to account; he may lawfully make a gift from the trust estate, provided he extinguish the community interest from the gift. Whether he has done well or ill depends not on any particular act, but on the general result. He is debited with the value of the estate and its revenues; and credited with disbursements, and must account to creditors and distributees for the remainder.

5. SAME—WIFE—Although the surviving husband extinguish the community interest in certain property, it is still liable for community debts. But when the surviving wife lifts the community charge from property, it is hers. Upon her qualification under the statute she succeeds to the position of the husband in reference to the estate. She may appropriate her exemptions and allowances, pay debts, using her preference among creditors of equal degree, and when the interest of the distributees is satisfied she may retain the remainder as her own. See opinion.

6. SAME—CREDITORS' RIGHTS AND REMEDIES—The creditor need not proceed in equity or require an account, but may have his judgment and execution. But his right is the same, whatever remedy he selects. His right is to have his charge upon the trust estate satisfied. See opinion.

7. EVIDENCE—PLEA OF NOT GUILTY—Under a plea of "not guilty" evidence is admissible to prove that property claimed under an execution sale was not subject to execution because covered by the allowances and exemptions to which a surviving wife was entitled from the community property.

8. CASES FOLLOWED—The principle announced in Carter *v.* Conner, 60 Tex., 52, followed.

APPEAL from Johnson. Tried below before the Hon. Jo. Abbott.

This was an action of trespass to try title. Mrs. M. J. Arnold, joined by her husband, A. M. Arnold, filed an amended original petition November 9, 1883, asserting title to twenty acres of land, and asking rents, damages, etc. Defendant Leatherwood answered by a plea of "not guilty." Defendants John B. and Martha L. West disclaimed as to ten acres of the land, and pleaded "not guilty" as to the remainder. The trial resulted in a verdict and judgment for plaintiffs for the land in controversy and the sum of twenty dollars.

The material facts are stated in the opinion of the court.

*Poindexter & Padelford* and *L. B. Davis*, for appellants, cited: Miller *v.* Alexander, 8 Tex., 37; Walker *v.* Howard, 34 Tex., 478; R. S., 4793; Wahrmund *v.* Merritt, 60 Tex., 24; Dillon *v.* Kauffman, 58 Tex., 696; Wilson *v.* Helmes, 59 Tex., 680; R. S., 2174, 2181; Cook *v.* Garza, 9 Tex., 359; Sayles & Bassett's Pl. and Pr., secs. 646, 649; Watkins *v.* Davis, 61 Tex., 416; Cameron *v.* Fay, 55 Tex., 62; Wood *v.* Chambers, 20 Tex., 247; Martel *v.* Somers., 26 Tex., 550.

*M. A. Oatis* and *C. Y. Kouns*, for appellees, cited: Tucker *v.* Brackett,

28 Tex., 338; Woodley *v.* Adams, 55 Tex., 531; Bell *v.* Schwarz, 56 Tex., 356; 48 Tex., 267; Pars. on Part., 343; Murchison *v.* Warren, 50 Tex., 27; Johnson *v.* Richardson, 52 Tex., 497; Bump. on Fraud. Conv., 231, 234, 279, 281; R. S., 1037, 1369.

ROBERTSON, ASSOCIATE JUSTICE.—It was decided at Tyler that a surviving wife administering the community estate under the statute was entitled to the allowances and exemptions accorded her in a regular administration.     Nichols *v.* Oliver, 64 Tex., 647.

The creditor may reach the bond by a proceeding under the statute, or he may pursue his remedy by judgment and execution.     Carter *v.* Conner, 60 Tex., 52.

The remedy prescribed for the distributees was held at Galveston to be cumulative only, and their right to investigate the trust and have partition in the district court was recognized.     Huppman *v.* Schmidt, 65 Tex., 583.

The survivor, without qualifying under the statute, may pay community debts with his own means and reimburse himself by an appropriation of community property.     Sanger *v.* Moody, 60 Tex., 96.

This power is legalized when the survivor qualifies under the statute. Davis *v.* McCartney, 64 Tex., 584.

The defendants in this case proposed to prove, in order to defeat the plaintiff's title, that Mrs. Robinson, after qualifying as survivor, paid debts which, together with the allowances to which she was entitled, exceeded in amount the value of the unexempt community property; and it was insisted that she had thus extinguished the community right in the twenty acres of land in controversy before it was sold under execution and bought by the plaintiffs.     This evidence was rejected on two grounds, first, that it would not affect the plaintiff's title if admitted; and second, it was not admissible under the plea of not guilty.     The first of these questions involves in its decision a further exploration of the nature of the trust administered by the community survivor than has been made in any reported case.

The survivor is a trustee of a unique character.     He is the owner in his own right of one-half the trust estate.     By qualifying under the statute he acquires over the whole the same right of management, control and disposition possessed by the managing partner during the life of the partnership.     How the trust shall be administered, the law has not attempted to direct.     His duty, defined in the condition of his bond, is to pay the debts and distribute the remainder.     Here arises the difference between him and other trustees.

The object to be accomplished is fixed; but the means of accomplish-

ment are as varied as the circumstances and discretions of men. He may sell all the property, pay all the debts and distribute the remainder in money. He may sell only enough to pay the debts, and divide what is left in kind. He may force every creditor, or none, or any number of them to resort to their legal remedies. He may use his own means in paying the debts, and reimburse himself by an appropriation or by sale of the assets of the estate. It results necessarily from his unbridled discretion and unlimited power, that he cannot be required to account as other trustees.

Trustees generally must account for each item of the trust estate. But the responsibility of the survivor can only be fixed by aggregates. An ordinary trustee is guilty of a breach of his obligations if he makes a donation of an item of trust property. But the survivor may make a gift from the trust estate without wrong or liability if he has extinguished or afterwards extinguishes the community interest in the subject of the gift. Inquiry into the details of his administration is inconsistent with the breadth of his power and discretion. Whether he has done well or ill depends on no particular act, but on the general result. He is debited with the value of the estate and its revenues, (Akin v. Jefferson, 65 Tex., 137) and credited with disbursements, and must account to creditors or distributees for the remainder.

The surviving husband is personally liable for community debts. If he has extinguished the community interest in a given item of community property, it is still subject to community debts, because the community debt is also his individual liability. Hence the precise question we are now considering cannot arise when the husband is the survivor, unless the creditor is seeking a remedy upon the bond. The surviving wife does not owe the community debts. When she lifts the community charge upon the property in her hands, the property is hers as unqualifiedly as if she had bought it with her separate means at an execution sale of it for the payment of a community debt. While she had no power over the community during her husband's life, and is not personally liable for the debts, yet when the wife survives and qualifies under the statute, she is vested with the same power and discretion in execution of the trust assumed that the husband had during life to manage, control and dispose of the common property as the head of the connubial firm. If a creditor filed a bill against her, or required her to account with a view to a judgment on the bond; if it appeared that her allowances and exemptions exceeded the value of the property received by her, the trust would be executed by her reception of the property; the property would all be absorbed

by the first charge upon it, and nothing would be left for the creditor. Again, she is not required to make any *pro rata* distribution among creditors of the same class, but she has succeeded to the right of the deceased managing partner to make preferences among those of equal degree, and when there is not enough to pay all, she may pay some in full and nothing to others. The right of the creditors to judgment and execution excludes the idea of an equitable distribution. If then the community property is sufficient to satisfy exemptions and the widow's allowances, and also to pay a portion of the general debts, and she has paid upon these debts as much as is left to them after satisfying prior charges, she cannot be made liable to a creditor who has received nothing. She has performed the trust in appropriating the property to the allowances, and the excess to the debts she has preferred.

In the payment of debts she is required to observe the classification of claims prescribed for regular administrations. She cannot appropriate to fourth-class claims the trust estate and leave unpaid those entitled under the law to prior satisfaction. This would be maladministration, against which the bond protects injured parties. R. S., Art. 2175.

If she uses her own credit or means in the payment of debts, she extinguishes, *pro tanto*, the community interest in the property in her hands. When called upon to account, the aggregates alone will be dealt with. Though she possesses every item of property originally belonging to the trust estate, the creditors can reach nothing, if what she received did not exceed in value the disbursements or credits shown by her of equal or superior dignity to the claim asserted against her. When she qualifies as survivor the community property becomes hers, subject to a charge in favor of creditors, and the interest of distributees in the remainder. The distributees have no interest if there is no residue; and the unpaid creditors have no right to be satisfied out of the property yet in her hands, if she has extinguished the charge in favor of creditors by the payment of other equally meritorious debts.

If the creditors, under whose judgment the plaintiffs bought, had proceeded in equity against Mrs. Robinson, or under the statute had required her to account, what the defendants proposed to prove would have prevented any decree against her. The twenty acres of land could not have been subjected to the payment of the demand, for which it was sold. She had already paid more debts than she could have paid with the proceeds of all the property in her hands, after satisfying her allowances. According to the proposed showing, it

would have appeared that she had eliminated from the twenty acres of land all community right, and had thus become its sole owner. She had done this in the faithful administration of the trust assumed by her, and neither her land nor her bond was further liable to the beneficiaries of the trust.

The creditor need not proceed in equity, or require an account, but may have his judgment and execution. But, whether he selects one or another remedy, his right is the same. That right is to have the fruits of his charge upon the trust estate. If that charge is extinguished by the payment of other debts, he can no more subject what has become absolutely her property to the payment of his demand by an execution, than by an account in probate or a bill in equity. In the latter proceedings the showing is made in advance, and the decree ends his case. In the former the showing cannot be made—he recovers his judgment and has his execution. In electing this remedy, in which the question whether the trust has not already been fully administered cannot be determined in advance, he does not cut off the inquiry, but of necessity postpones it until the title to the property he appropriates to the payment of his judgment comes in issue between the purchaser at his sale and the survivor or her assigns. If it is then ascertained that the community right in the property has been discharged by the assessment upon it of the widow's allowances, and the payment of community debts, the sale of it under execution was simply unauthorized and inoperative.

The defense proposed by the rejected proof was simply that the property claimed by the plaintiff under an execution sale was not subject to be sold—that the plaintiffs acquired nothing by their purchase. We perceive no more difficulty in admitting the proof under the plea of "not guilty," than in admitting proof that the property was homestead. One of the defendants claimed by a deed from Mrs. Robinson, made before the writ, under which the plaintiffs claimed, was levied upon the land. Her title is good against the plaintiffs if the facts she proposed to prove are true. We are of opinion that she was entitled to introduce the evidence under the plea of not guilty.

There was some evidence tending to show that Mrs. Robinson made the conveyance to her daughter in fraud of creditors. It could not have been made in fraud of the judgment debt under which the plaintiffs claimed, if before her conveyance of it she had divested it of its community character by the means indicated in this opinion.

There was no error in admitting in evidence the execution, return and deed, evidencing the first sale under which the plaintiffs purchased. The levy, return, sale and deed were sufficient to pass the community

interest in the land according to the decision of this court in the case of Carter *v.* Conner, already cited. If it was error to admit the evidence of the second sale, as the plaintiffs had acquired by the first all the title they could have obtained by both, the error did not prejudice the defendants.

One of the defendants claimed title under an execution sale of the land under a personal judgment against the survivor. This sale was made before either of those, under which the plaintiffs asserted title. If the consideration of the debt merged in the judgment under which that defendant purchased, was money borrowed by Mrs. Robinson, and used by her in paying community debts, or if that was not the consideration, whether the defendant did not obtain a better title than the plaintiffs to the whole twenty acres by his prior purchase, is a grave question presented in this record. If the survivor becomes the owner of the community property by qualifying under the statute, assuming upon her personal responsibility, secured by the bond, the obligation to discharge a personal trust, the property is subject to her debts. The issues already passed upon in this opinion are the only ones likely to arise in another trial, or probably necessary to the final disposition of this case. Those arising from Leatherwood's purchase are more material in determining the rights between him and Mrs. West, betwixt whom no issue is presented on this appeal, than between him and the plaintiffs. It will be time enough to decide them when their solution is necessary to the final disposition of the appeal and case involving them.

For the error considered in rejecting the evidence offered to prove the extinction of the community right in the land in controversy, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered June 11, 1886.]