**SECURITY NAT. BANK OF WICHITA FALLS v. ALLEN et al.  (No. 2289.)**

(Court of Civil Appeals of Texas. Amarillo. April 2, 1924. Rehearing Denied May 14, 1924.)

**1. Husband and wife ⊜⟹268(1)—When wife personally liable for community debts created by husband.**

Neither a surviving wife nor a divorced wife can be made personally liable for community debts created by husband, unless such debts were for necessaries, or she is personally bound in virtue of some contract made by her.

**2. Fraudulent conveyances ⊜⟹241(3)—Only lien creditor can attack conveyance of community property by husband to wife.**

Only a lien creditor may attack conveyance of community property by husband to wife under a separation agreement.

**3. Judgment ⊜⟹769—No lien unless properly indexed.**

Unless a judgment has been properly indexed it is insufficient to create a lien, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 5615, 5616.

**4. Fraudulent conveyances ⊜⟹104(2)—Solvent husband may lawfully transfer interest in community property to wife.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 4627, providing community property shall be liable for debts, creates no specific lien upon community property in favor of creditors, and solvent husband may lawfully transfer his interest to his wife.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by the Security National Bank of Wichita Falls against A. W. Allen and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Jos. H. Aynesworth, of Wichita Falls, for appellant.

Weeks, Morrow & Francis, of Wichita Falls, for appellees.

HALL, C. J. The bank instituted this suit against A. W. Allen and his wife, Mrs. Eugenia Allen, alleging, in substance, in the original petition that on the 1st day of January, 1921, the defendants were husband and wife, and as such owned the property which is described in the petition; that Allen was indebted to plaintiff bank in certain sums, evidenced by a promissory note which was thereafter reduced to judgment in cause No. 11619C, said judgment being in the sum of $1,297.06, and costs of suit amounting to $5.40, dated October 28, 1921, and bearing 10 per cent. from its date. It is further alleged that the judgment has been properly abstracted and recorded in Judgment Records, vol. 6, p. 273. A copy of the judgment is made an exhibit to the petition. The plaintiff further alleged that it had not been able to collect the judgment from A. W. Allen, the husband, and that he was and had been for some time prior to the filing of the suit wholly insolvent; that prior to the filing of the suit the defendants had entered into a separation agreement, dividing their community property, and that Mrs. Allen, the wife, had under the agreement obtained the property described in the petition; that a transfer from Allen to his wife was null and void and without force and effect as to plaintiff bank. A. W. Allen filed a formal answer.

Mrs. Allen answered by general demurrer and • general denial, and specially alleged that by filing the suit against A. W. Allen, to which she was not made a party, plaintiff was barred and estopped from prosecuting this suit against her. She specially pleaded the separation agreement, alleging that by its terms the defendant A. W. Allen assumed all the community indebtedness, and that the property described in plaintiff's petition was allotted to her as her share of the community estate; that plaintiff had actual and constructive notice of the separation agreement and the terms thereof; that at the time the community property was divided A. W. Allen was solvent and was possessed of sufficient property to pay all his indebtedness. She further alleged that on March 16, 1921, she was divorced from A. W. Allen; that the note upon which the bank subsequently sued him was signed after the separation agreement was executed and the divorce decree was entered; that if plaintiff had used reasonable diligence it could have collected the amount of its judgment from A. W. Allen. She alleges further that, if the notes which were merged in the judgment in cause No. 11619C, were given in renewal and extension of notes that had theretofore been executed during the existence of the community, nevertheless plaintiff was aware of the separation agreement and its terms, and with such knowledge had accepted said note in full satisfaction and payment of all indebtedness, due from A. W. Allen, and had agreed to look to him for the payment thereof, and expressly waived any rights as against Eugenia Allen or any of her property; that plaintiff had accepted said note upon which said judgment was based and prosecuted a suit thereon to judgment without making her a party defendant and had thereby elected to hold A. W. Allen. She set up her homestead rights in and to lot No. 13, in block 141 of the city of Wichita Falls, and denied that plaintiff had any lien whatever. In reply to this answer the bank filed a supplemental petition, alleging, in substance, that the original indebtedness upon which plaintiff's judgment was obtained was a note dat-

ed July 29, 1920, in the sum of $1,017.10, due and payable on the 29th day of November, 1920; that it was executed during the time the defendants were living together as husband and wife, and, was never reduced by payment or otherwise below said sum; and that it had no notice of the separation agreement other than such as is conveyed by the settlement deed; that in the marriage settlement Mrs. Allen received property over and above any homestead exemption allowed her by law, far in excess of the indebtedness now due plaintiff. Plaintiff then, in the alternative, sued to recover against Mrs. Allen upon the original note, in the event it should be determined that it was not entitled to recover upon the judgment. A jury was waived, and the trial was to the court. Judgment was entered dismissing A. W. Allen because plaintiff had previously obtained a judgment against him, and it was further decreed that plaintiff take nothing against Mrs. Eugenia Allen. The court filed findings of fact and conclusions of law, from which we will quote as required by consideration of the several propositions urged.

[1-4] It will be observed from the above brief summary of the appellant's pleadings in the court below it sought to recover (1) a personal judgment against Mrs. Allen upon the note; (2) or to recover personally against her the amount of the judgment previously rendered against her husband; and (3) to subject the community property set apart to her by the separation agreement to the payment of the appellant's debt. A disposition of these three contentions renders it unnecessary to consider in detail the numerous propositions presented by appellant. As to the first two grounds of recovery it is settled law in this state that neither a surviving wife nor a divorced wife can be made personally liable for community debts created by the husband, unless such debts were for necessaries or she is personally bound in virtue of some contract made by her. Leatherwood v. Arnold, 66 Tex. 414, 1 S. W. 173; Vinson v. Whitfield (Tex. Civ. App.) 133 S. W. 1095; Poe v. Hall (Tex. Civ. App.) 241 S. W. 708; Chandler v. Young (Tex. Civ. App.) 216 S. W. 484; Newton v. Puente (Tex. Civ. App.) 131 S. W. 1161. In the last case it is said that she could not be held on a note after the death of her husband unless the note was executed for necessaries or unless she had converted property of the community estate which was subject to the payment of community debts. The appellant makes no attack upon the separation agreement in virtue of which the property described in its pleadings was set aside to Mrs. Allen. It must therefore be held to be a valid and binding conveyance. Unless the appellant is a lien creditor, it is in no position to attack the conveyance. Snodgrass v. Brownfield State Bank (Tex. Civ. App.) 251

S. W. 567; Hamlet v. Leicht (Tex. Civ. App.) 187 S. W. 1004; Kane v. Ammerman (Tex. Civ. App.) 148 S. W. 817. The appellant alleged that it had obtained a judgment against A. W. Allen, that said judgment had been abstracted and recorded, but there is no allegation that the record of the judgment had been duly indexed, nor is there any proof that this had been done. Unless a judgment has been properly indexed, it is insufficient to create a lien. Vernon's Sayles' Ann. Civ. St. 1914, arts. 5615 and 5616; Nye v. Moody, 70 Tex. 434, 8 S. W. 606; Bonner v. Grigsby, 84 Tex. 330, 19 S. W. 511, 31 Am. St. Rep. 48; Corbett v. Redwood (Tex. Civ. App.) 58 S. W. 550.

Since the appellant did not seek to set aside the separation agreement which conveyed the property in question to Mrs. Allen, as having been made in fraud of creditors, and since it has acquired no lien by judgment, attachment, or otherwise, it is in no position to subject the property to the payment of its judgment. No execution has been levied upon any of the property, nor is it alleged and shown that Mrs. Allen has fraudulently converted it to her own use. On the contrary the court found that Allen was solvent at the time of the execution of the separation deed, and if this is a fact, which appellant does not attack by his assignments, he had the right to convey to his wife the property described in the deed. Article 4627, Vernon's Sayles' Ann. Civ. St. 1914, provides that the community property of the husband and wife shall be liable for their debts contracted during marriage, except in such cases as are specially excepted. This article, however, creates no specific lien upon the community property in favor of the creditors. A solvent husband may lawfully transfer to his wife his interest in the community property where the principle that one must be just before he is generous is not thereby violated. Speer's Law of Marital Rights, § 116; Bruce v. Koch (Tex. Civ. App.) 40 S. W. 626; Cheek v. Herndon, 82 Tex. 146, 17 S. W. 763; Maddox v. Summerlin, 92 Tex. 487, 49 S. W. 1033, 50 S. W. 567. Appellant cites the case of Grandjean v. Runke (Tex. Civ. App.) 39 S. W. 945, in support of his right to recover a personal judgment against Mrs. Allen. In that case Mrs. Grandjean did not sign the note with her husband upon which the judgment was based, but it appears that judgment was rendered against both the husband and wife. In disposing of the appeal Judge Neill said, "There is neither a statement of facts nor conclusions of facts by the trial judge in the record," and that in the absence of a statement of facts it would be conclusively presumed against her that every fact necessary to the validity of the judgment which could have been proved under the pleadings was established. From the meager statement

of the pleadings, and without a statement of the evidence, we are unable to determine from the report of that case whether it can be considered as authority for the proposition urged. If it holds, as appellants contend, it is in conflict with the above decisions, some of them rendered by the Supreme Court, holding the contrary. Another case relied upon is Boyd v. Ghent, 93 Tex. 543, 57 S. W. 25. That case is not in point because it appears that the creditor of the community obtained a judgment against the husband, and that the judgment was abstracted, recorded, and indexed in the county clerk's office the day 'before the wife secured a divorce, setting apart certain property to her as her share of the community.

We deem it unnecessary to consider the remaining assignments, and the judgment is affirmed.