### GODWIN v. SMITH et al.   (No. 7357.)

Court of Civil Appeals of Texas. Austin.
April 12, 1929.

Rehearing Denied May 1, 1929.

E. A. Landman, of Athens, for appellant.
J. J. Faulk, of Athens, for appellees.

McCLENDON, C. J. Suit by Smith and others against Godwin for 92 acres of land. Godwin, in addition to defensive pleas, sought to recover the value of improvements alleged to have been made by him in good faith. Judgment for Smith et al. upon a directed verdict. Appeal by Godwin.

The only issue presented in the appeal is whether the evidence will support a finding that Godwin's possession was in good faith within the meaning of R. S. art. 7393.

The entire evidence upon this subject consists of the testimony of Godwin and his wife, from which the following appears:

Bristow, Mrs. Godwin's father, owned land in the same survey and situated about a mile from the 92 acres in controversy. The latter tract was open, wild land without improvements of any character. Neither Bristow nor the Godwins knew who owned it. In 1923 Godwin employed an attorney, Sam Holland, to advise him and to prepare a deed to the land from his father-in-law, for which service Godwin paid Holland $25. The land was then worth about $500. The following excerpts from Godwin's testimony show the circumstances under which he took possession and the knowledge he acquired of the title, whether from his own investigation or from Holland: "I did not examine or investigate the record to see who the title was in. I didn't know anything about it myself. I just gave Sam Holland $25.00 to investigate it, he said he would. I depended on him to investigate it, what a lawyer is for, when a man employs a lawyer—I am green in the law business. Mr. Sam Holland made no further investigation, so far as I know, of my knowledge, only looking after it and fixing the deed. I went on the land in good faith. I was advised to go on it by other parties. * * * The reason I employed Mr. Sam Holland was that I had confidence enough in Mr. Holland that he would look after the land and fix the deed. Had confidence in him that he would look after it and fix my title. As to whether he ever done anything except to write the deed from Mr. Bristow to me—well he said he would, said he would look after it, felt it would be all right for me to go on it and

fence it and build a house and make a future home. Well, he said after five years if I lived on it for that length of time, the state would give me a tax deed. Yes, sir, he advised me to get the deed from Mr. Bristow, and put it on record, and at the end of five years the land would be mine by limitation, the way I understood it."

Mrs. Godwin testified that she was born and raised about a mile from the land; that it was not generally known in the neighborhood that the land belonged to the Smith heirs. "If we had known it we wouldn't have took it up. We were trying to find out if there was anybody that owned it, what we were working for, trying to find out who owned it, and we put it in Mr. Holland's hands, and he seen after it."

She testified she personally knew and saw the records examined by a Mrs. Ida Dellis: "That was the time we were getting the deed from my father, the time we were seeing after it. * * * It was before we got the deed that we were seeing after it, had it in Mr. Holland's hands to examine the record. He said he advised us if we wanted it, no owners, and we could go on it in good faith and if any owners did turn up they would pay us for all our improvements, and we went on it in good faith of making it our home. Yes, sir, after that we just took chances on it, we couldn't find any owners, or anything to it. The lawyers advised us, and we took their advice. No, sir, we never wrote to any owners, didn't know who to write to, no one showed on record to write to."

The deed from Bristow to Godwin was dated November 19, 1923. The record does not show what character of deed it was, or what, if anything, was expressed therein as consideration. Neither Mr. nor Mrs. Godwin testified to having paid Bristow anything for the land. The latter was not called to testify, and there is nothing in the record to indicate that he made any representations to Mr. or Mrs. Godwin to the effect that he had any title or claim whatever to the land.

It seems clear from the testimony of both Mr. and Mrs. Godwin that they knew that Bristow had no title to the land, and that the deed conveyed nothing to them, and was executed only as a basis for the establishment of a title by limitation under the five years' statute.

The early cases by the Supreme Court give as essential elements of possession in good faith (1) belief by the possessor that he is the true owner; and (2) reasonable ground for such belief. Sartain v. Hamilton, 12 Tex. 219, 62 Am. Dec. 524; Robson v. Osborn, 13 Tex. 298; Dorn v. Dunham, 24 Tex. 366.

The correctness of this general principle does not seem ever to have been questioned (see Johnson v. Schmacher, 72 Tex. 334, 12 S. W. 207), although the rigidity of its early

application has been relaxed in some respects by later decisions, as for example see Judge Wheeler's comment on Robson v. Osborn, above, in Dorn v. Dunham, above.

We have found no case which would support a fact finding of good-faith possession where the possessor's claim was derived either from one that he knew had no title, or from one that he had no information or ground for believing had some title or interest in the land. Manifestly, neither Godwin nor his wife relied upon or placed any faith whatever in the deed of Mrs. Godwin's father as a basis for any title or claim, except that which they hoped to acquire by limitation. The following cases hold that one who takes possession and makes improvements under no other right than the hope or expectation of acquiring title by limitation is not a good-faith possessor within the meaning of the statute, and is not entitled to its protection. Staley v. Stone, 41 Tex. Civ. App. 299, 92 S. W. 1017; Raley v. Sullivan & Co. (Tex. Civ. App.) 159 S. W. 99; Bemrod v. Wright (Tex. Civ. App.) 273 S. W. 938.

The trial court's judgment is affirmed.

Affirmed.