ANDERSON et ux. v. BUNDICK et al.
No. 2888.

Court of Civil Appeals of Texas. Eastland.
Dec. 7, 1951.

Rehearing Denied Jan. 11, 1952.

Donald & Donald, Bowie, Frank Sparks, Eastland, L. R. Pearson, Ranger, for appellants.

Conner & Conner, Eastland, for appellees.

COLLINGS, Justice.

Mrs. R. O. Bundick, a widow, surviving wife of R. O. Bundick, deceased, for herself and as next friend for Robert W. Bundick and Peggy Jean Bundick, their two children who were then under twenty-one years of age, brought this suit against Abe Anderson and wife, Mrs. Jessie Anderson, on September 11, 1947, in trespass to try title to land described as Block No. Three of Bundick Addition to the City of Ranger, Eastland County, Texas, and for damages. In addition, the petition specifically pleaded the three and ten year statutes of limitation and homestead claim. Plaintiffs' first amended original petition filed June 7, 1950, made new parties defendant of Eugene Knappenberger and Bula Knappenberger. Abe Anderson and wife, and Eugene Knappenberger and wife pleaded a general denial; plea of not guilty; that the Commercial State Bank of Ranger, Texas, was claiming and in possession of said lands, claiming the same under written memorandum of title from plaintiff, Mrs. R. O. Bundick, survivor in community of the community estate of herself and R. O. Bundick, deceased, against which community estate the bank had a judgment dated June 6, 1939, and which was abstracted September 2, 1939; that the memorandum of title was in settlement of this judgment debt; that afterwards, the bank, by written contract, agreed to convey said lands to said defendants; that both the bank and said defendants went into possession of said lands and placed valuable improvements thereon, and pleaded estoppel. They further pleaded, by way of cross-action against the Commercial State Bank, impleading it as a defendant, substantially describing the lands as described in plaintiffs' amended petition; that they entered into a written contract with said bank in February, 1944, whereby they agreed to purchase said lands from the bank, agreeing to pay the bank $200 cash, and $1,900 at installments of $20 per month, further alleging that by such contract, the bank agreed to give Abe Anderson a good and merchantable title and to defend the same; prayed that the bank be impleaded.

and, if plaintiffs prevailed in their suit, that said defendants have judgment against the bank for such sums of money as Abe Anderson paid it, for their damages and the value of their improvements; and likewise prayed judgment against plaintiffs for the value of their improvements.

The Commercial State Bank answered Abe Anderson's pleading by general denial and specially pleaded under oath that the contract between Abe Anderson and the bank, as alleged in his answer and cross-action, was not signed or executed by the Commercial State Bank nor by any person authorized by it to sign or execute such alleged contract, and that if such contract was made, it was made without the bank's knowledge or consent and that no such contract had ever been ratified by it; that the same was ultra vires; that it, at no time, entered into any contract or agreement with Abe Anderson and wife, or either of them, as described in Anderson's amended answer; that the alleged contract was insufficient to constitute a contract for the sale of real estate and was within the statutes of fraud, and prayed that it be dismissed with its costs.

Plaintiffs filed a second supplemental petition, pleading non est factum as to both of the alleged written contracts, or memorandums of title, and denied that the Commercial State Bank ever executed or authorized the execution of the alleged contract between Abe Anderson and the Commercial State Bank, and pleaded the statutes of fraud. This pleading was under oath.

The case was tried before a jury and based upon its verdict, judgment was rendered in favor of plaintiffs, Robert W. Bundick and Peggy Jean (Bundick) Hodges for the title and possession of the property involved, subject to the life estate and homestead rights of Mrs. R. O. Bundick therein. Judgment was also rendered for said plaintiffs against the defendant Abe Anderson, for the sum of $3,000 with six percent interest from date of judgment. From such judgment this appeal was brought.

The property in question was purchased by Esther Bundick, the second wife of R. H. Bundick, Sr., during the existence of their marriage relationship, on November 4, 1905. They fenced the property, constructed a house thereon, and occupied and lived on same as their homestead until they both died. One child was born to the marriage of R. H. Bundick, Sr., and Esther Bundick and the name of this child was R. O. Bundick. R. H. Bundick, Sr., had one son by his prior marriage. The name of this child was R. H. Bundick, Jr.

R. O. Bundick married the plaintiff, Mrs. R. O. Bundick, in 1924 and with the consent of his parents, moved a house on the block of land involved, and used and occupied same as their home, until the death of R. O. Bundick in 1943. Thereafter, his wife and children, Robert W. Bundick and Peggy Jean (Bundick) Hodges, continued to occupy same as their home until the time of the filing of this suit.

Esther Bundick died in 1935. R. H. Bundick, Sr., died March 20, 1940, and R. O. Bundick died in 1943. After the death of R. H. Bundick, Sr., R. H. Bundick, Jr., conveyed his inherited interest in the land to plaintiffs, Robert W. Bundick and Peggy Jean Bundick.

A judgment in favor of the Commercial State Bank against R. H. Bundick, Sr., and R. O. Bundick in the sum of $1,058.67 was rendered on June 6, 1939, and abstracted on September 2, 1939.

The jury found that the land involved was, at the date of the filing of the abstract of judgment, the homestead of R. H. Bundick, Sr., and wife, Esther Bundick, or a constituent member of their family, and was the homestead of R. O. Bundick at the time R. H. Bundick, Sr. died in 1940; that said land was occupied by R. O. Bundick and his wife at the time of the death of R. O. Bundick in 1943; that upon the death of R. H. Bundick, Sr., R. O. Bundick and his wife continued to occupy said land as their homestead; that the fair, reasonable rental value of the portion of such property occupied by the Andersons was $50 per month from September 11, 1945 to October 23, 1950, the date of the trial.

The jury further found in answer to special issues submitted by the court at

defendants' request that Mrs R. O. Bundick, in 1943, made an agreement with the bank through Hall Walker, as agent for the bank, whereby the judgment against R. H. Bundick, Sr., and R. O. Bundick, would be cancelled, all delinquent taxes paid, with expenses, in consideration of its getting all of the block of land except where Mrs. R. O. Bundick had her house fronting 54 feet on Hunt Street and back 127 feet to fence back of garage; that such contract was in writing; that the bank took possession of the property pursuant to such contract; that the bank made valuable improvements of a substantial nature pursuant to the contract; that $1,750 was reasonably expended for improvements; that the bank contracted to sell the portion of the land it was to receive to Abe Anderson; that Abe Anderson took possession in good faith; that Anderson thereafter made valuable and substantial improvements thereon; that Anderson is now in possession; that Anderson made valuable improvements to the extent of $2,675; that such improvements were made in good faith; and enhanced value of premises; that Walker, for the bank, made improvements openly and with knowledge of Mrs. R. O. Bundick and two children; that no protest by Mrs. R. O. Bundick or her children was made to the bank's possession and improvements; that Mrs. R. O. Bundick and her two children had knowledge of Abe Anderson making improvements, and that no protest was ever made by them.

The court made the following findings in connection with and as a part of the judgment rendered: "And it appearing to the court from the undisputed evidence and the law of the case that the Special Issues requested by defendants and answered by the jury are immaterial to a rendition of a judgment in this case * * in that the evidence shows without dispute and the court so finds that the requested special issues relate to a certain agreement or agreements between Mrs. R. O. Bundick, a widow, and Hall Walker acting for the Commercial State Bank of Ranger, and between Hall Walker so acting and Abe Anderson; that the purported attempted

memorandum is insufficient in that it did not describe the property involved in this suit and that such purported contracts were oral, therefore falling within the statute of frauds; and it further appearing without dispute that neither Hall Walker nor the bank paid anything of value as a consideration for the purported contract between him, acting as agent for the bank, and Mrs. R. O. Bundick; that there was no consideration passed between Abe Anderson and Hall Walker, acting for the bank; that the asserted judgment and abstracting thereof by the Commercial State Bank was ineffective and constituted no lien upon the property sued for in that the jury has found that such property was continuously used and occupied since about 1907, first as a homestead of R. H. Bundick, Sr., and his wife, Esther Bundick, then by R. H. Bundick, Sr., after the death of his wife in 1935 and that thereupon R. O. Bundick was living upon, using and occupying the lands as a homestead for himself, his wife and two minor children, he then having inherited an undivided ½ interest in said lands as his mother's separate estate and continued thereafter to use and occupy said lands as a tenant in common with his father, R. H. Bundick, Sr., up until the time of his father's death in about 1940, and until his death in 1943, and that his wife thereafter continued to use and occupy the same as the head of the family as her homestead and that such property was the separate estate of her husband and that Mrs. R. O. Bundick had no power or authority to make said contracts for the sale of said property or even to make a deed of conveyance thereto in cancellation of a pre-existing debt of her husband, which was at all times exempt from the purported lien of the Commercial State Bank; that the purported contracts were executory and at the time Robert W. Bundick and Peggy Jean Bundick were minors and who, at the time, owned by inheritance the separate estate of their father and by purchase from R. H. Bundick, Jr., and Mrs. R. O. Bundick had no title in or to any part of the fee, and therefore, even though there had been improvements made in good faith the title to said land

in the manner claimed and asserted by defendants could not have been acquired in a cancellation of said purported judgment and lien or by occupancy and placing improvements thereon and such in law does not constitute in this case a charge against the land involved and the court is of the further opinion and so finds that all of said special issues requested by the defendant are immaterial and the court further finds that the undisputed evidence in this case shows that the fee simple title to the lands involved is in Robert W. Bundick and Peggy Jean (Bundick) Hodges as their own separate means and estate."

In numerous points appellants contend, in effect, that the court erred in entering judgment for plaintiffs, the Bundick children and their mother, Mrs. R. O. Bundick, because the jury found and the undisputed evidence showed that Mrs. R. O. Bundick, acting for herself and in protection of the interests of her minor children in the property involved, made a contract agreeing to convey the portion of Block No. 3, claimed by defendants, to the Commercial State Bank of Ranger in consideration of the bank's agreement to "re-purchase said property which had been sold for taxes," and to release an abstract of judgment lien held by the bank against all of such Block No. 3, and that in compliance with such agreement the bank did furnish the money to repurchase such property at a tax sale, and did cancel its abstract of judgment lien to the portion of Block No. 3, to be retained by plaintiffs under the terms of the agreement; that such contract is valid and binding against plaintiffs; that, in any event, the plaintiffs are estopped from questioning defendants' title and possession because plaintiffs knew that defendants were in possession of and claiming title to such portion of Block No. 3, and with such knowledge, permitted defendants to occupy same and to make valid improvements thereon, without protest.

■ None of such points are well taken because each is based upon some one or more of the following propositions, all of which, in our opinion, are incorrect and unsound. Most of the points assumed that the contract or agreement between

Mrs. Bundick and Hall Walker, as agent and representative of the Commercial State Bank of Ranger, was valid and binding as to all plaintiffs herein, but we are unable to agree with this proposition for several reasons. In the first place, the evidence does not show that the contract contained a complete description of the land sufficient to comply with the statute of frauds, nor that facts exist which require it to be enforced in the absence of such description. Art. 3995, Vernon's Annotated Revised Civil Statutes; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A. L. R. 216. Mrs. R. O. Bundick had no power, individually, to make a contract which was binding upon her minor children or to sell their interest in the property. There is no evidence to show that she was acting or was authorized to act in any manner other than in her own individual capacity. The contract, if binding at all, could have bound only Mrs. R. O. Bundick and she is not bound because of the lack of consideration. The consideration for Mrs. Bundick's agreement under the contract was the promise of the bank to release its abstract of judgment lien against R. H. Bundick, Sr., and R. O. Bundick and to pay "all delinquent taxes."

■ The release of the abstract of judgment claimed by defendants to be a lien held by the bank against the property in question, was no consideration for the contract between Mrs. R. O. Bundick and the bank. As found by the trial court, the abstract of judgment was ineffective to constitute a lien upon such property because it was the homestead of R. H. Bundick, Sr. and R. O. Bundick. Esther Bundick and her husband, R. H. Bundick, Sr. owned Block No. 3 as community property and resided thereon as their homestead until the time of her death in 1935. Thereafter, R. H. Bundick, Sr. continued to reside upon such tract as his homestead until his death in 1940. At the time of Esther Bundick's death, her one-half community interest therein passed by inheritance to her only child, R. O. Bundick, who was then living in another house on such land with plaintiffs herein,

his wife and two minor children, claiming same as a homestead. R. H. Bundick, Sr. and R. O. Bundick, as joint owners and cotenants of the land, each had a right to claim a homestead interest therein. J. R. Watkins Co. v. Dawson, Tex.Civ.App., 145 S.W.2d 901; Young v. Hollingsworth, Tex. Civ.App., 16 S.W.2d 844; Tucker v. Dodson, Tex.Civ.App. 245 S.W. 728; Wheatley v. Griffin, 60 Tex. 209.

■ On September 2, 1939, when the abstract of judgment in favor of the bank and against R. H. Bundick, Sr., and R. O. Bundick was duly filed in Eastland County, R. H. Bundick, Sr. and R. O. Bundick still resided upon Block No. 3 as joint owners and cotenants and each claimed same as their homestead and the abstract of judgment lien therefor did not attach to such property. Each continued to so reside upon such property and claim same as homestead until the death of R. H. Bundick in 1940 at which time his interest in Block No. 3 passed by inheritance to his two sons, R. H. Bundick, Jr. and R. O. Bundick, still free of the abstract of judgment lien. R. H. Bundick, Jr. conveyed his one-fourth interest in the land to Robert W. Bundick and Peggy Jean Bundick. R. O. Bundick and plaintiffs herein continued to live on the property as their homestead until his death in 1943 at which time his three-fourths interest therein, as his separate property, passed by inheritance, free of such judgment lien, to his two children, Robert W. Bundick and Peggy Jean Bundick, subject to the homestead interest and life estate of Mrs. R. O. Bundick in an undivided one-third thereof. Art. 2571, Vernon's Annotated Revised Civil Statutes; Armstrong v. Snapp, Tex.Civ.App., 186 S.W.2d 380; Oakwood State Bank of Oakwood, v. Durham, Tex.Civ.App., 21 S.W. 2d 586; Harms v. Ehlers, Tex.Civ.App., 179 S.W.2d 582 (Writ Ref.); Milner v. McDaniel, 120 Tex. 160, 36 S.W.2d 992. Since no lien ever attached to the property by reason of such abstract of judgment, a contract based upon a release of such claimed lien was without consideration. The release of the judgment debt against R. O. Bundick was no consideration for the agreement of Mrs. R. O. Bundick even if it were a community debt in the absence of a showing that the debt was for necessaries. The surviving wife does not owe the community debts. Leatherwood v. Arnold, 66 Tex. 414, 1 S.W. 173; Security Nat. Bank of Wichita Falls v. Allen, Tex.Civ. App., 261 S.W. 1057; 42 C.J.S., Husband and Wife, § 566, p. 101.

■ There is no evidence of an agreement to purchase or repurchase the property at tax sale as claimed in appellants' points. The land had not been sold at the time of Mrs. Bundick's agreement with Hall Walker nor was it up for sale at that time. It was found by the jury that under the terms of the agreement between Mrs. R. O. Bundick and Hall Walker, as agent for the bank, that the bank was to "pay all delinquent taxes." This finding was supported by the evidence. The undisputed evidence shows that this obligation under the agreement was never fulfilled. The agreement in question was made shortly after the death of R. O. Bundick in 1943. The taxes on Block No. 3 were never paid by the bank but on April 24, 1947, a tax judgment was rendered against plaintiffs herein in a total sum of $873.83 and costs, and for foreclosure of the tax lien on such land. It is true as urged in appellants' points that the bank furnished the money to purchase the property at a tax sale but this was not a compliance with the terms of the contract and cannot be substituted for the consideration therein provided. If we should be mistaken in holding that the purchase at tax sale was not a substantial compliance with the bank's agreement to "pay all delinquent taxes" it would be of no benefit to appellants in this cause. Their right to the land hinges upon their right to a specific performance of the bank's contract with Mrs. Bundick. No right to specific performance is available to appellants, even against Mrs. Bundick, because of the failure of the remaining portion of their purported consideration, to wit: the release of the debt against R. O. Bundick and of the claimed judgment lien against the land. The bank has not sought in this suit to recover the amount furnished for such purchase at tax sale, and the question of their right to do so is not before us.

Appellants' sixth point urges that plaintiffs are not entitled to recover because title passed out of plaintiffs Robert W. Bundick and Peggy Jean Bundick by reason of the tax sale and passed to Mrs. R. O. Bundick from whom defendants are entitled to recover under her contract with the bank. We have already disposed of appellants' contention concerning the validity of the contract. The tax deed in question, however, did not purport to convey the property to Mrs. R. O. Bundick as urged in appellants' point but "unto the said R. H. Bundick estate."

We cannot agree with the contention that appellees are estopped from questioning appellants' possession and title to the portion of the property claimed by them. The evidence is undisputed that the plaintiff, Mrs. R. O. Bundick, made the agreement in question with the bank under the influence of incorrect representation that the bank had a lien on all of Block No. 3 and that it would pay all taxes thereon. Since Mrs. Bundick did not owe the debt and there was no lien on the land as urged and relied upon by the bank, it is difficult to see why Mrs. Bundick or her children should be estopped from questioning appellants' possession and title. It is immaterial whether or not the representation that the bank had a lien on such property was made with the sincere belief that such lien existed. In either event, it was no consideration for her contract. Appellees Robert W. Bundick and Peggy Jean Bundick were both minors at the time of their mother's unauthorized agreement with Walker and had no part therein. They were still minors at the time of the filing of this suit. All of these facts were known by the bank and were known, or should have been known, by the Andersons. There was no evidence of any intentional misleading or fraudulent action on the part of such minors. Uhlmann Grain Co. of Texas v. Wilson, Tex.Civ.App., 68 S.W.2d 281; Dial v. Martin, Tex.Civ.App., 37 S.W.2d 166; Tiemann v. Robson, 52 Tex. 411.

In point No. 11, appellants contend that the court erred in rendering judgment for plaintiffs for the portion of Block No. 3 claimed by appellants for the reason that Mrs. R. O. Bundick as community survivor of the community estate of herself and R. O. Bundick, had full power and authority to enter into the contract in question and to make a conveyance of such property to pay their community debts. The evidence is conclusive that Block No. 3 was not community property of R. O. Bundick and his wife but was his separate property. As community survivor, his wife had no power to sell or to contract for the sale of his separate property. Clark v. First Nat. Bank of New Boston, Tex.Com.App., 210 S.W. 677.

In point No. 12, appellants urge that the court erred in overruling exceptions to the definition of the term "homestead" in the court's charge to the jury. The definition given by the court was as follows: "That by the term 'homestead' as used in this charge is meant a lot, lots, tract, tracts or parcels of land used, occupied and enjoyed by a family or a constituent member of a family as a home."

The objection urged to the definition is "that such definition is incorrect, and the term 'homestead' is a legal term and should be determined in this case as a matter of law from the undisputed facts, and for the further reason that same is immaterial and irrelevant * * * and cannot supersede the rights of these defendants who claim under a contract made by Mrs. R. O. Bundick and Commercial State Bank, and the question of homestead is further not involved herein because the undisputed evidence shows that the property claimed by these defendants was uninhabitable property and was not, in fact, occupied by anyone, and the definition misleads the jury and amounts to a comment upon the weight of the evidence * * *." In our opinion, the definition was not subject to the objection urged. The evidence was unquestionably sufficient to raise the issue of homestead. If the fact that some of the improvements situated on the land were uninhabitable and not occupied is any evidence that such portion thereof was not a part of the homestead, which we doubt, it is not conclusive on the matter.

We cannot agree with appellants' contention in their thirteenth point that the

court erred in refusing damages for improvements made upon the property. In order to so recover, it was incumbent upon the bank and the Andersons to show that the improvements on the portion of Block No. 3 claimed, were made by them, believing in good faith that they had title to such property. This belief must be based upon reasonable grounds. 23 Tex.Jur., page 389. The title to Block No. 3 was in plaintiffs Robert W. Bundick and Peggy Jean Bundick, subject to their mother's homestead rights and her one-third life estate therein. All of the plaintiffs were living on the property as their homestead at the time of the bank's contract with Mrs. R. O. Bundick and when the improvements were made. Appellants' claim to title is based upon the bank's contract with Mrs. Bundick which was invalid as a matter of law as to her minor children and was also unenforceable because contrary to the statute of frauds. It was unenforceable for the further reason that it was lacking in consideration. The bank, as well as the Andersons, had knowledge of these facts or knowledge which reasonably put them on notice thereof. It cannot be said, under such circumstances, that either the bank or the Andersons had reasonable ground for believing they had good title to the property when such improvements were made. First Nat. Bank of Austin v. Jackson, Tex.Civ. App., 40 S.W. 833; Burkhardt v. Lieberman, 138 Tex. 409, 159 S.W.2d 847; Pearce v. Dyess, 45 Tex.Civ.App. 406, 101 S.W. 549; Chambers v. Wyatt, Tex. Civ.App., 151 S.W. 864; Raley v. D. Sullivan & Co., Tex.Civ.App., 159 S.W. 99; Brown v. Fisher, Tex.Civ.App., 193 S.W. 357; Godwin v. Smith, Tex.Civ.App., 17 S.W.2d 92.

The court rendered judgment against Abe Anderson for $3,000 as rent based upon the jury's finding as to the reasonable rental value of the property. Appellant Anderson urges that there was no pleading or evidence to support the jury finding and judgment based thereon. This point is not well taken. Plaintiffs' pleading sought a recovery of rents and several witnesses testified to the rental value of the property during the period of time in question which would have supported a finding of greater rental vlaue than that found by the jury. Appellants' contention that under the undisputed facts of the case plaintiffs are, as a matter of law, not entitled to recover rents from the property during the period involved and that the testimony of witnesses as to such rental value was, therefore, inadmissible is likewise untenable.

The judgment of the trial court is affirmed.